NELSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 158. Argued January 6, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 704.)

---

[12] *State v. Heidelbach* (1971), 49 Wis. 2d 350, 360, 182 N. W. 2d 497.

For the plaintiff in error there was a brief and oral argument by *C. Michael Hausman* of Milwaukee.

For the defendant in error the cause was argued by *Robert D. Martinson,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HEFFERNAN, J. In respect to the double-jeopardy claim, without determining whether it had any merit when initially asserted, it is apparent that the defense was waived. After the defendant's assertion of the double-jeopardy defense in the circuit court and after the motion was set down for hearing, the defendant elected to plead guilty to the burglary and heroin charges in exchange for the state's agreement to dismiss the two felony theft charges. Defendant throughout these proceedings had counsel, and it is apparent that both defendant and counsel knew of the possible defense of double jeopardy and asserted it in court. This defense was, however, intelligently and voluntarily waived by the guilty plea. In *State v. Schmear* (1965), 28 Wis. 2d 126, 135 N. W. 2d 842, this court recognized that the defense of double jeopardy was nonjurisdictional and could be

waived. This court has consistently held that claims of constitutional violations, if nonjurisdictional, may be waived by a plea of guilty intelligently and voluntarily entered. *Edwards v. State* (1971), 51 Wis. 2d 231, 235, 186 N. W. 2d 193; *State v. Guiden* (1970), 46 Wis. 2d 328, 332, 333, 174 N. W. 2d 488; *Hawkins v. State* (1965), 26 Wis. 2d 443, 448, 132 N. W. 2d 545; *see also: Hawkins v. State* (1966), 30 Wis. 2d 264, 140 N. W. 2d 226.

It is apparent that, in the instant case, the eventual plea to the burglary charge was motivated by defendant's desire to have the felony theft charges dismissed under a plea agreement. There was a conscious, calculated, voluntary waiver of the defense of double jeopardy in exchange for the benefits that would accrue by having the theft charges dismissed. We need not determine whether or not jeopardy was initially waived at the original hearing when the defendant elected to withdraw his plea of guilty in exchange for the opportunity to apply to the federal narcotics facility. It is sufficient for the purposes of disposing of this appeal to conclude that, if the defendant had a double-jeopardy defense, it was knowingly and intelligently waived.

Defendant also asserts that he should be allowed to withdraw his plea of guilty to the heroin charge. He alleges that his rearrest on the burglary charge, after he had in good faith made application to the federal narcotics facility, so unnerved him that he lost faith in the system of criminal justice and that this precipitated his use of heroin. This assertion is made for the first time on appeal. This issue cannot be raised on appeal as a matter of right, although under this court's discretionary power this court may, under appropriate circumstances, consider the request if the interest of justice would be served thereby. *State v. Guiden, supra,* at pages 330, 331. While defendant's brief contends that his plea of guilty to the heroin charge was involuntary, the record totally fails to

support this contention. The heroin charge was separately considered by the trial judge, and the plea of guilty was taken only after exhaustive questions which determined that the plea of guilty was voluntarily and intelligently entered. There is absolutely no evidence to show that justice has miscarried by the acceptance of defendant's plea of guilty on the heroin charge.

Defendant also contends that the state failed to live up to its plea bargain when, in asking for the dismissal of the two felony theft charges, it moved that they be dismissed *without prejudice*. The defendant contends, and the record supports the contention, that the district attorney agreed that there would be no subsequent prosecution on those charges. Defendant's argument is premature, for the record fails to show that further prosecution on either of these counts has been instituted or threatened. We point out, however, that this court has held that a subsequent reprosecution of a charge dismissed as a result of a plea bargain is barred by elementary due process. *Mallon v. State* (1970), 49 Wis. 2d 185, 181 N. W. 2d 364; *Austin v. State* (1971), 49 Wis. 2d 727, 183 N. W. 2d 56. If, in fact, there has been a valid plea bargain in which the state agreed to dismiss the charges and abstain from further prosecution, the agreement is binding and the state is barred from bringing a subsequent prosecution, irrespective of the language used by the court in dismissing those charges.

*By the Court.*—Judgments affirmed.