605 So.2d 791 (1992)
David Randolph GRAY
v.
STATE of Mississippi.
No. 89-KA-0902.
Supreme Court of Mississippi.
August 12, 1992.
Rehearing Denied October 1, 1992.
*792 Gail D. Nicholson, Nicholson & Nicholson, Gulfport, for appellant.
Michael C. Moore, Atty. Gen., W. Glenn Watts, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before DAN M. LEE, P.J., and PITTMAN and BANKS, JJ.
DAN M. LEE, Presiding Justice, for the Court:

I.
In 1985, this Court affirmed David Randolph Gray's conviction of capital murder and sentence of death imposed for the June 3, 1982, kidnap and murder of Gulfport resident Ronald Wojcik. Gray v. State, 472 So.2d 409 (Miss. 1985). On appeal, the United States Supreme Court reversed the sentence of death and remanded for new sentencing. Gray v. Mississippi, 481 U.S. 648, 107 S.Ct. 2045, 95 L.Ed.2d 622 (1987). On sentencing after remand, Gray was sentenced to life as an habitual offender pursuant to Miss. Code Ann. § 99-19-83. Gray is currently before this Court from the sentencing on remand challenging only the imposition of habitual offender status. We affirm.

II.
Sentencing on remand was conducted in June of 1988. The sentencing jury failed to impose the sentence of death. As Gray's original indictment charged him with capital murder as an habitual offender, a bifurcated habitual offender status hearing was held June 23, 1988. At the close of the hearing, the trial court sentenced Gray to life as an habitual offender pursuant to Miss. Code Ann. § 99-19-83. Gray appeals the habitual offender adjudication on the following assignments which have been re-worded for clarity:
I. THE HABITUAL OFFENDER STATUS HEARING SHOULD NOT HAVE BEEN HELD BECAUSE:
A. IT SUBJECTED GRAY TO DOUBLE JEOPARDY and
B. SPEEDY TRIAL VIOLATION BECAUSE THE BIFURCATED HEARING WAS NOT HELD WITHIN 270 DAYS OF ARRAIGNMENT ON THE MURDER CHARGE.
II. IF IT WAS PROPER TO HOLD THE HABITUAL OFFENDER STATUS HEARING, THE HEARING WAS PROCEDURALLY INCORRECT UNDER TURNER V. STATE, 573 So.2d 657 (Miss. 1990).
III. FAILURE TO PROVE HABITUAL OFFENDER STATUS.

III.
In his first assignment of error Gray contends that the trial court subjected him to double jeopardy and violated his right to a speedy trial in holding a bifurcated hearing to determine his status as an habitual offender. Each of his arguments is individually addressed.

A.
Gray contends that since he has already been sentenced for the crime of murder, and since the State failed to press forward with habitual offender adjudication at his original trial, the State should be precluded at re-sentencing from enhancing his life sentence for murder with the habitual offender statute. Gray contends that double jeopardy[1] has attached to charges that were not presented to the trier of fact. Gray cites Davis v. Herring, 800 F.2d 513, 519 (5th Cir.1986) as support for his argument.
The defendant in Davis discharged a gun into a tavern and killed the owner. While *793 indicted for both murder and the felony of shooting into an occupied dwelling, the defendant was only put to trial on the murder indictment; he was found guilty of manslaughter. Thereafter, the prosecution attempted to prosecute the defendant on the other indictment which charged a lesser-included offense of murder. The Fifth Circuit found that the conviction of manslaughter implicitly acquitted the accused of murder, double jeopardy attached with the acquittal, and double jeopardy precluded a second trial on the lesser included offense.
Gray's reliance upon the Davis case is misplaced. Gray was indicted as an habitual offender, but because he was initially sentenced to death, his status as an habitual was not determined until after the sentencing trial on remand. Therefore, since Gray's status as an habitual offender was not previously determined, the present finding of habitual offender status was not barred by double jeopardy. This argument is without merit.

B.
Gray next argues a speedy trial violation. However, Gray does not argue denial of speedy trial for delay in sentencing on remand. See Trotter v. State, 554 So.2d 313 (Miss. 1989). Instead, Gray claims speedy trial violation because his status as an habitual offender was not determined within 270 days of arraignment of the indictment pursuant to Miss. Code Ann. § 99-17-1. See also Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Gray claims that he was prejudiced when, six (6) years after arraignment, the State pulled a rabbit out of its hat and sentenced him under charges that had not previously been prosecuted. Gray contends that during the years between indictment in June of 1982 and actual determination of habitual offender status in June of 1988 he was oblivious to any danger of habitual status imposition and, had he known, he would have spent the six (6) years researching and examining the underlying convictions contained in the original indictment.
Miss. Code Ann. § 99-17-1, often referred to as "the 270 day rule," provides that "all offenses for which indictment are presented to the court shall be tried no later than two hundred seventy (270) days after" arraignment. [emphasis added]. Habitual offender status is not a crime, in and of itself, but merely a status which, if proven, will enhance the sentence imposed for the conviction of an offense. Therefore, the determination of habitual offender status is not an "offense" to which the 270 day rule, or analysis under Barker, would apply. This argument is without merit.

IV.
In his second assignment of error, Gray argues an alternative position: if the trial court did not err in holding the habitual offender status hearing, the trial court violated Turner v. State, 573 So.2d 657 (Miss. 1990) and procedurally erred in holding the hearing after the jury deliberations. Gray is asking this Court to vacate and render on the finding of habitual offender status based upon the failure to follow the procedure articulated Turner so that he will be eligible for probation and/or parole.
Turner, decided December 12, 1990, altered the procedure for determining habitual offender status in death penalty cases: the status hearing must be conducted prior to the sentencing phase so that the jury will have before it all relevant information that "could `cause it to decline to impose the death sentence.'" Turner at 675, quoting McCleskey v. Kemp, 481 U.S. 279, 304, 107 S.Ct. 1756, 1773, 95 L.Ed.2d 262 (1987). This Court has demonstrated its commitment to this procedure. See Ladner v. State, 584 So.2d 743 (Miss. 1991); Mackbee v. State, 575 So.2d 16 (Miss. 1990); Berry v. State, 575 So.2d 1 (Miss. 1990). The remedy for failure to follow the Turner procedure is to vacate the death sentence and remand. See Ladner v. State, 584 So.2d 743 (Miss. 1991); Mackbee v. State, 575 So.2d 16 (Miss. 1990); Berry v. State, 575 So.2d 1 (Miss. 1990).
*794 The Turner procedure was not followed in Gray's sentencing on remand; the habitual offender status hearing was held after the jury had deliberated and failed to impose a sentence of death. Had death once again been imposed upon Gray, this assignment might possibly have merit. However, the jury sub judice did not impose the death sentence upon Gray; he was sentenced to life which, by virtue of habitual offender status, is to be served without eligibility for parole or probation.
Under Turner, the remedy in this case  vacate life sentence and remand for new jury imposition of life sentence with the possibility of parole  would be a waste of judicial resources. Gray is asking this Court to fashion a new remedy for violation of the Turner procedure when the death sentence is not imposed  invalidate and render the finding of habitual offender status. The invitation is declined. This assignment is without merit.

V.
Finally, Gray challenges the sufficiency of the evidence produced by the State in proving his status as an habitual offender. A review of the record shows that the evidence presented by the State to prove Gray's status was not only sufficient, Gray himself admitted to all previous convictions. Gray wants this Court to allow him, during the habitual offender status hearing, to deny his prior testimony admitting the prior convictions. This assignment is without merit.
SENTENCE OF LIFE AS AN HABITUAL OFFENDER AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] The double jeopardy clause of the United States Constitution, found in the fifth amendment, provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb... ." The Mississippi counterpart is found in Article 3, Section 22 of the Mississippi Constitution of 1890: "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution."