# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CT-01326-SCT

*TERRENCE CLARK*

*a/k/a TERRANCE CLARK*

*a/k/a "POOH-POO"*
*v.*
*STATE OF MISSISSIPPI*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 09/19/96 |
| TRIAL JUDGE: | HON. HENRY LAFAYETTE LACKEY |
| COURT FROM WHICH APPEALED: | CHICKASAW COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MERRIDA COXWELL |
| | CHARLES R. MULLINS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: DEWITT T. ALLRED, III |
| DISTRICT ATTORNEY: | JAMES M. HOOD, III |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 09/02/1999 |
| MOTION FOR REHEARING FILED: | 05/04/1999 |
| MANDATE ISSUED: | 09/09/99 |

### EN BANC.

### WALLER, JUSTICE, FOR THE COURT:

¶1. The motion for rehearing is denied. The original opinion in this case is withdrawn and this opinion is substituted therefor.

## STATEMENT OF THE CASE

¶2. This case is before this Court upon writ of certiorari from the judgment of the Court of Appeals which affirmed appellant Terrence Clark's conviction for armed robbery and his sentence to a term of twenty-five years in prison, without the possibility of parole. Clark raises the following issues:

> **I. The evidence at trial was insufficient to support an armed robbery conviction; and**
>
> **II. Clark was denied the effective assistance of counsel.**

¶3. On Issue I, insufficiency of the evidence, we reverse Clark's conviction and sentence for armed robbery and remand for sentencing on the lesser included offense of robbery. We find Issue II, Clark's claim of ineffective assistance of counsel, to be without merit, and we do not address that issue in detail.

## STATEMENT OF FACTS

¶4. On May 16, 1995, Terrence Clark entered the Pak-A-Pok convenience store in Houston, Mississippi. While inside the store, Clark approached the cash register several times. Scott Free, the cashier, became suspicious when Clark repeatedly looked into the cash drawer while Free was attending other customers. Adding to his suspicions were the facts that Clark's eyes were very red and that Clark seemed to be waiting for the other customers to leave the store. Free suspected that Clark was drunk or on drugs. Free's suspicions were heightened when Free noticed what appeared to him to be the handle of a kitchen knife protruding from Clark's pants pocket.[1] Free testified Clark displayed the knife while searching for money from his pockets to make a purchase.

¶5. Free further testified that he feared that Clark was going to rob him when he saw the knife and when Clark continued to act erratically. Free relayed his fears to Casey Harmon, a customer who entered the store after Clark. Free asked Harmon not to leave. He also removed the large denomination bills from the cash register in order to minimize the loss from the theft he feared was about to occur. Clark eventually approached the checkout counter a second time to make a small purchase with money given to him by Harmon. Free stepped back from the counter as a defensive precaution in the event Clark decided to attack him with the knife. When Free opened the register to make change, Clark reached into the cash register. Free slapped at Clark's hand, but Clark was successful in taking what is believed to be three twenty-dollar bills. Clark then ran from the store and drove away. After a high-speed chase, sheriff's deputies apprehended Clark. The deputies did not find a knife in Clark's car or on his person. A Chickasaw County jury convicted Clark of armed robbery, and he was sentenced as an habitual offender to a term of twenty-five years without the

possibility of parole. The circuit court denied Clark's directed verdict and JNOV motions which challenged the sufficiency of the evidence to support a conviction for armed robbery.

## LEGAL ANALYSIS

¶6. Clark questions the sufficiency of the evidence in support of his armed robbery conviction. When determining the sufficiency of the evidence, the Court must consider all of the evidence in the light most favorable to the verdict. *Gleeton v. State*, 716 So. 2d 1083, 1087 (Miss. 1998) (*quoting Wetz v. State*, 503 So. 2d 803, 808 (Miss.1987)). The Court may reverse only when reasonable and fair-minded jurors could not have found one of the elements of the offense. *Gleeton,* 716 So. 2d at 1087.

¶7. The elements of armed robbery are found in Miss. Code Ann. § 97-3-79 (1994) which provides in part:

> Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person **by the exhibition of a deadly weapon** shall be guilty of robbery.

(Emphasis added.)

¶8. In *Register v. State*, 232 Miss. 128, 133, 97 So. 2d 919, 922 (1957), this Court concluded held that:

> [I]n order to constitute the crime of robbery under [§ 97-3-79] the personal property of another must be taken from the person or from the presence of such other person either by violence or by putting such person in fear of immediate injury to his person **by the exhibition of a deadly weapon, and that such act must be the means by which the personal property of another shall have been taken.**

(Emphasis added.) In other words, the proof of the crime of armed robbery must necessarily include that the exhibition of the deadly weapon, causing violence or fear of immediate injury, was the means by which the personal property of another was taken. Such is not the case here. Clark approached Free to make a purchase. Clark handed Free a bill; Free opened the register to make change in response to the purchase; and Clark grabbed sixty dollars and ran. No deadly weapon was exhibited or the use of a deadly weapon threatened by Clark in this set of facts.

¶9. The State cites *Hughey v. State*, 512 So. 2d 4 (Miss.1987), in which the defendant's conviction for armed robbery was affirmed even though the victim never actually saw the robber's weapon. The evidence showed that the victim saw the imprint

of a gun; the defendant told another witness after the robbery that he had a gun; the defendant was apprehended in possession of a gun; and, most importantly, the defendant threatened to shoot the victim twice during the course of the robbery. *Id.* at 5. In that case, the evidence in totality supported a finding that the defendant exhibited a weapon even though the victim never saw the actual gun. Here, the only evidence presented by the State was that Free saw part of a kitchen knife in the defendant's pocket. *Hughey* is clearly distinguishable from the case at hand in the quantity and quality of evidence presented as to whether the defendant exhibited a deadly weapon.

¶10. The State also cites the 1945 case of *Cittadino v. State*, 199 Miss. 235, 24 So. 2d 93 (1945), in support of its argument that Clark "exhibited" a deadly weapon, inducing fear in the clerk, Free. In *Cittadino*, the Defendant argued that the State was required to show either that the guns were loaded, or were threatened to be used as bludgeons. *Id.*, 199 Miss. at 243, 24 So. 2d at 95. The Court found that it was not necessary for the State to prove that the Defendant could have or would have used the weapon, but that the jury could draw the inference that the Defendant intended the victim to draw-- that the weapon could and would be used. 199 Miss. at 247, 24 So. 2d at 96. *Cittadino* is unlike this case in that there the Defendants drew their pistols and threatened the victims. There was no doubt that the Defendant was in possession of a deadly weapon, and that he used the weapon to force the victim to turn over valuables.

¶11. While we do not propose to give absolute meaning or strict definition to the phrase "by the exhibition of a deadly weapon," it is clear that it means something more than mere possession. There is simply no proof that Clark used the purported knife in any manner whatsoever during the commission of the offense. He did not threaten Free verbally or physically with the knife. More importantly, giving all inferences to the testimony of Free that he indeed saw a knife, it was not the means by which Clark took the cash. In *Register*, we held that the act of force or fear caused by exhibition of the deadly weapon must be the means by which the property of another is taken. The State has failed to prove that element of the offense, as required by Miss. Code Ann. § 97-3-79. Because one of the elements of armed robbery has not been proved, the circuit court erred in denying Clark's JNOV motion, and Clark's conviction for that offense must be reversed.

¶12. Clark was indicted only for armed robbery. His attorney did not request and the trial court did not give instructions on the lesser-included offenses of larceny or simple robbery. While armed robbery is not supported by the evidence in this case, the Court finds that there is evidence in the record of the crime of robbery. In *Shields v. State*, 722 So. 2d 584 (Miss.1998), this Court held that the direct remand rule allowed the appellate court to remand a case to the trial court for sentencing on a lesser-included

offense when the greater offense was not proved, but the elements of the lesser-included offense were sufficiently met. ***Id.*** at 587. This rule applies even when no lesser-included offense instruction was given by the trial court. ***Id.***

¶13. The crime of robbery consists of the following elements:

> . . . feloniously tak[ing] the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person . . .

Miss. Code Ann. § 97-3-73 (1994). In this case, the testimony of Scott Free clearly shows that he was in fear of immediate injury to his person. This was fully corroborated by Harmon. Both testified as to Clark's erratic behavior, as well as Free's belief that Clark had a knife, and the potential existed for him to use it. Free testified that he stepped back away from the register when Clark approached to make a purchase. Although Free slapped at Clark's hand when he reached for the till, he testified that he did so in quick reaction, not knowing what Clark might have in his hand. Evidence also showed that Clark took the personal property of another, thereby fulfilling all of the elements of robbery.

## CONCLUSION

¶14. The State failed to prove that Clark exhibited a deadly weapon which was the means by which he stole the money in this case. Accordingly, the judgment below and his conviction and sentence for armed robbery are reversed. However, the evidence was sufficient to show that Clark was guilty of robbery. This matter is remanded to the Circuit Court of Chickasaw County for sentencing on the charge of robbery.

**¶15. REVERSED AND REMANDED.**

**PITTMAN, P.J., BANKS, SMITH, MILLS AND COBB, JJ., CONCUR. PRATHER, C.J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., AND McRAE, J.**

**PRATHER, CHIEF JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶16. I concur with the majority's conclusion that the evidence in this case was insufficient to support the armed robbery conviction. However, because the law dictates that the case be rendered in favor of the appellant, I respectfully dissent in part.

> The double jeopardy clause of the United States Constitution, found in the fifth amendment, provides: "nor shall any person be subject for the same offense to be

twice put in jeopardy of life or limb...." The Mississippi counterpart is found in Article 3, Section 22 of the Mississippi Constitution of 1890: "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution."

*Gray v. State*, 605 So. 2d 791, 792 n.1 (Miss. 1992).

¶17. Clark should not be retried, because the double jeopardy clauses in the United States and Mississippi Constitutions prohibit prosecution for the same offense, after acquittal or conviction. By holding that the evidence was legally insufficient to support Clark's armed robbery conviction, this Court is, in effect, acquitting Clark of the only crime for which he was tried.[2] The State elected to charge Clark with armed robbery, and they failed to meet their burden of proof on that charge. The jury was not instructed on any lesser-included offenses. To now reverse for a second trial on a lesser charge, would violate Clark's constitutional rights to protection from double jeopardy.

¶18. This Court has held that, "[i]f the evidence is found to be legally insufficient, then discharge of the defendant is proper." *Collier v. State*, 711 So. 2d 458, 461 (Miss. 1998) (*citing May v. State*, 460 So. 2d 778, 781 (Miss. 1985)). Therefore, I must respectfully dissent in part.

## SULLIVAN, P.J., AND McRAE, J., JOIN THIS OPINION.

1. In Free's extensive testimony about Clark's actions while in the store, Free describes only once seeing the blade of the knife, when Clark approached the register with his shirt pushed back away from the knife. Otherwise, Free's testimony only indicates that he saw the handle of what appeared to him to be a kitchen knife.

2. That is, the jury in this case was not instructed on a lesser-included offense.