# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1998-CP-01341-SCT

*WILLIAM RUSH*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/1998 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/18/1999 |
| MOTION FOR REHEARING FILED: | 12/7/1999; denied 9/7/2000 |
| MANDATE ISSUED: | 9/15/2000 |

## EN BANC.

## SMITH, JUSTICE, FOR THE COURT:

¶1.This case comes to this Court on appeal of William Rush from a denial of post-conviction relief by the Circuit Court of Lowndes County. Rush claims double jeopardy in that he was previously charged and convicted in Monroe County for the same charge in the case at bar. Rush also claims his attorney was ineffective. After thorough review, we find no merit to Rush's claims, and we, therefore, affirm the trial court.

## FACTS

¶2. William Rush was indicted by the Lowndes County Grand Jury for the crime of forgery as an habitual offender. In order to escape sentencing as an habitual offender, on May 19, 1997, Rush pleaded guilty to a charge of uttering a forgery in the Circuit Court of Lowndes County, Mississippi. The plea agreement obligated the prosecution to recommend a sentence of fifteen years and drop the habitual charge as well as charges of embezzlement and burglary pending against Rush. Pursuant to the plea bargain, the prosecution requested, and the Court retired the charges in Cause number 97-260-CR1 to the files. Rush was sentenced to a fifteen year term on the forgery charge.

¶3. On July 1, 1997, Rush filed with the Circuit Court of Lowndes County a Motion for Rehearing which was denied. On August 26, 1997, Rush filed a Motion for Post Conviction Relief alleging ineffective assistance of counsel and double jeopardy. Rush claims that he had been previously convicted on the same

forgery charge in Monroe County for which he was subsequently convicted in Lowndes County.

¶4. The Monroe County indictment, Cause No. CR95-019, filed February 6, 1995, charged Rush with having forged the name of the account holder, Wayne Davidson, on two National Bank of Commerce checks: a check dated September 29, 1994 and another dated October 1, 1994. The checks are numbered 0158 and 0111. Attorney Julian W. Fagan, III, represented Rush on those charges. On May 8, 1995, Monroe County charge No. CR95-019 was retired to the files because of the "special circumstances" of the case and because full restitution had been made on the two Monroe County charges.

¶5. Attached to Rush's pleadings here is a letter dated September 25, 1995, from Julian Fagan to Robert Prather, who represented Rush on the case at bar in Lowndes County. Fagan represented Rush on the forgery charges in Monroe County. Fagan explained:

> There were three checks drawn on the account of William Davidson, copies of which are attached. William Rush, Jr. and Sam Thomas were both charged in regard to these checks. By agreement with the Monroe County Sheriff's Department, William Rush, Jr., agreed to pay $300.00 of the total of $500.00 on the three checks, and Sam Thomas was to pay the other $200.00. William agreed to extradition to Michigan to complete serving a sentence there and also agreed to plead one count of forgery in Monroe County, to attend drug rehabilitation and to make restitution in the amount of $300.00 plus costs.

¶6. A subsequent letter, dated July 15, 1998, written by Fagan to Circuit Judge Lee J. Howard, explained that Fagan had agreed with the Monroe County Sheriff and the county Prosecuting Attorney that Rush would pay restitution for the two Monroe County checks, agree to extradition to finish serving a sentence in Michigan, plead guilty to one count of forgery in Monroe County and to attend drug rehabilitation. Based on this agreement, restitution was made only on the Monroe County offenses, but not on the Lowndes County offense. Rush never pled guilty to any charge in Monroe County. Rush was returned to Michigan to complete serving his sentence for which he was on parole. The trial court denied Rush's Motion for Post-Conviction Relief on the grounds that Rush was never tried or convicted on the charge in Monroe County.

## LAW

¶7. Rush raises seven issues, however, he only discusses and cites authority regarding ineffective assistance of counsel and double jeopardy. Therefore, this Court will only discuss these two issues. The remaining issues not discussed by Rush and without authority will not be addressed as they are procedurally barred. *Gray v. State*, 728 So.2d 36, 71-72 (Miss. 1998).

## DOES DOUBLE JEOPARDY APPLY?

¶8. The double jeopardy clause of the United States Constitution, found in the fifth amendment, provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." The Mississippi Constitution, Article 3, § 22, provides likewise: "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." *Gray v. State*, 605 So.2d 791, 792 n.1 (Miss.1992). The three primary purposes of the Double Jeopardy Clause are that (1) it protects against a second prosecution for the same offense after an acquittal, (2) it protects against a second prosecution for the same offense after a conviction, and (3) it protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104

S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984)*; **Whalen v. United States**, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); **North Carolina v. Pearce**, 395 U.S. 711, 717-18, 89 S.Ct. 2072, 2076-77, 23 L.Ed.2d 656, 664-65 (1969).

¶9. The fact that the defendant pled guilty to the charge does not waive his double jeopardy claim. **Menna v. New York**, 423 U.S. 61, 62 , 96 S.Ct. 241, 46 L. Ed.2d 195 (1975); **Blackledge v. Perry**, 417 U.S. 21, 30, 94 S.Ct. 2098, 40 L. Ed.2d 628 (1974)*; **Willie v. State**, 738 So. 2d 217 (Miss. 1999); **Matlock v. State**, 732 So. 2d 168, 170-71 (Miss. 1999).

¶10. Rush contends that the prosecution in Lowndes County of charges already disposed of in another county violates the double jeopardy clause. If Rush pleaded guilty to one charge in Monroe County in exchange for dropping of other charges in Lowndes County pursuant to a valid plea bargain and the charge pled to is in fact identical, resolution of the case at bar is a simple matter, - the subsequent prosecution in Lowndes County would clearly be barred by double jeopardy. If a plea bargain allows a defendant facing multiple charges to plead to one charge in exchange for having the other charges dismissed or remanded, the remanded charges are barred from further prosecution. **Santobello v. New York**, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *State v. Comstock*, 485 N.W.2d 354, 367 (Wis. 1992) (principles of fairness, finality, and repose prohibit prosecutor from re-prosecuting charges that court dismissed as result of plea agreement); *Nelson v. State*, 193 N.W.2d 704 (Wis. 1972) ("subsequent reprosecution of a charge dismissed as a result of a plea bargain is barred by elementary due process").

¶11. The prosecution denies that Rush is entitled to relief because there is no proof that he ever pled guilty to the charges in Monroe County. The prosecution submitted an affidavit by Billy Holley who stated that he had called the Circuit Clerk's office in Monroe County to request a search for any prior convictions of William Rush. The circuit clerk's office reported that they could find no convictions of a William A. Rush having the same date of birth and social security number as Rush. The prosecution contends that without a formal adjudication, there can be no double jeopardy.

¶12. However, in the case at bar, Rush's situation is quite different than that of the defendant in *Comstock*. Fagan's letter to Robert Prather, claims that a plea bargain was agreed on by the parties and that Rush fulfilled his part of the bargain (restitution, waiver of extradition). However, Rush never fulfilled all requirements of the alleged plea bargain. Fagan's letter to Judge Howard, however, also notes that Rush never pleaded guilty to any of the charges in Monroe County. Therein lies Rush's problem with his double jeopardy claim. Without a conviction on the two charges in Monroe County, however, Rush lacks a necessary element of his double jeopardy claim - an actual acquittal or conviction. Rush clearly can not meet either required element. The record indicates that Rush never pleaded guilty to any charges in Monroe County and no judgment was ever entered by the circuit court. He only paid restitution on two checks for which he was indicted in Monroe County, and these two charges are not the same as the Lowndes County charge.

¶13. This restitution agreement was not the product of a judgment by the court. In fact, no plea or judgment was ever entered in Monroe County and the two charges were retired to the files. In Monroe County, he paid restitution on two checks which he had forged; check no. 0111, and check no. 0158.

¶14. Rush argues that the charge in Lowndes County is a violation of his fifth amendment right against double jeopardy. However, his conviction in Lowndes County was the first and only conviction imposed in either Monroe or Lowndes counties. This lone conviction was in regards to a third forged check that Rush

signed and clearly uttered in Lowndes County. In Lowndes County, Rush was convicted on forgery charges for defrauding Dallas Slatton, et al. regarding the uttering of a forged check in Lowndes County. The name Dallas Slatton was never even mentioned in the indictment from Monroe County, but rather was only listed in the Lowndes County indictment. These were separate charges brought against Rush for different uttering forgery acts in different counties and in different circuit court districts. Also, there was no plea of guilty or judgment entered on any charges in Monroe County, only on the one charge in Lowndes County. Therefore, Rush has no claim that his fifth amendment right against double jeopardy has been violated.

¶15. Rush's agreement that he would pay restitution on the two Monroe County checks for which he was indicted and return to Michigan was apparently made with the sheriff's office. There is no evidence that this agreement was ever endorsed officially by the district attorney of either Monroe County which is the 1st Circuit Court District or Lowndes County which is the 16th Circuit Court District.[1] There was never a guilty plea or a judgment of guilt entered or a similar substitute, such as forfeited bail. Also, even if Monroe County officials thought they could make a legitimate plea bargain offer (which this was not) they still did not have jurisdiction over a forgery that clearly occurred in Lowndes County.[2] The Monroe County case with its two indictments on two uttering forgery charges was merely passed to the file. The Lowndes County charge is a totally separate case with sole jurisdiction in the 16th Circuit Court District. This issue is without merit.

## WHETHER RUSH RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL

¶16. Rush's allegations of ineffectiveness of counsel clearly fail to satisfy the stringent standard set forth in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed.2d 674 (1984) as adopted by this Court in *Schmitt v. State*, 560 So. 2d 148 (Miss. 1990). Rush claims that Robert Prather did nothing to aid him during his plea and sentencing and that Prather failed to disclose the letter sent to him by his Monroe County attorney, Fagan. Fagan's letter to Judge Howard explains that Prather never received his letter. Thus, Prather could not have known about any supposed deal in Monroe County that included the same charge for which Rush was later indicted in Lowndes County. A valid guilty plea waives the presentation of witnesses and a jury trial. *Sanders v. State*, 440 So. 2d 278 (Miss. 1983). In fact, Rush did not tell Judge Howard that he had what he thought was a conviction on the same charges in Monroe County and should consequently not have to plead to the same charges in Lowndes County. Incredibly, Rush told Judge Howard that he did not have any prior convictions. However, Prather promptly advised the judge that in fact, Rush was on parole from a prior offense in Michigan. Judge Howard found Rush's plea to be free and voluntary and that there was a factual basis therefor. The plea was thus based on Rush's admission and was found valid. *Corley v. State*, 585 So. 2d 765 (Miss. 1991). Rush had "full knowledge of the charge against him, as well as the elements of the charge and the possible consequences." *Reynolds v. State*, 521 So. 2d 914, 916 (Miss. 1988).

¶17. Regardless, Prather succeeded in getting two charges dropped and the habitual offender charge removed prior to Rush's plea to the Lowndes County indictment. Besides, it is clear that Rush was only charged in Monroe County with two checks which were clearly forged and uttered in that county. He never pled guilty to any charge in Monroe County, and no judgment was entered by that court. In fact, Monroe County is in a different circuit court district than Lowndes County. Even if there had been a valid plea bargain in Monroe County, which there was not, that county or circuit district would have no jurisdiction or authority over a charge which occurred in Lowndes County which did not involve the district attorney or

circuit judge of that county. This record supports that Prather provided effective assistance to Rush. On appeal, this Court must confine itself to what actually appears in the record, and unless provided otherwise by the record, the trial court will be presumed correct. *Shelton v. Kindred*, 279 So. 2d 642, 644 (Miss. 1973).

¶18. This Court cannot conclude from the meager allegations submitted by Rush that Prather's performance was deficient in that it fell below an objective standard of reasonable professional service, or that any deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of a trial would have been different. *Strickland*, 466 U.S. at 687-88. Rush failed to show both a deficiency or any resulting prejudice. Thus both prongs of *Strickland* have not been satisfied. This issue is without merit.

## CONCLUSION

¶19. We find no merit to either of the issues raised by Rush. Double jeopardy does not apply in the case at bar because Rush never pled guilty to any charges in Monroe County nor was a judgment entered against him there for which he was subsequently indicted and convicted in Lowndes County. Rush has failed to satisfy the two prongs of the *Strickland* test, thus his claim of ineffective assistance of counsel is without merit. We therefore affirm the judgment of the Lowndes County Circuit Court.

¶20. **DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**PITTMAN, P.J., WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY SULLIVAN, P.J., BANKS AND MILLS. PRATHER, C.J., NOT PARTICIPATING.**

**McRAE, JUSTICE, DISSENTING:**

¶21. In this case, Rush pleaded guilty to uttering a forgery in Lowndes County despite the fact that he had previously been charged with uttering this same check (along with one other) in Monroe County.[3] It is not altogether clear what happened to the Monroe County charges although it appears that Rush reached a plea agreement with the prosecutor to pay restitution and waive extradition to Michigan in exchange for a promise to have the charges dropped. On these facts, Rush may not have a double jeopardy violation but he may well have a due process claim. Because more needs to be learned about the circumstances of the Monroe County charges, I would vacate and remand the case for further proceedings. Thus, I dissent from the majority opinion in this case.

¶22. First of all, the majority appears to be mistaken about an important fact concerning Rush's claim. The majority writes that "the trial court found that the Lowdnes County check and charge was not one of the two checks for which Rush was indicted in Monroe County." This is just not true. The trial court noted that the Lowndes County charge arose out of check no. 111 written on Wayne Davidson's account for the amount of $200 as did one of the two Monroe County charges. A copy of check no. 111 is appended to each indictment, and both indictments, as well as the copies of the check, are in the record before us. Both the Lowndes County indictment and the Monroe County indictment involve the same check.[4]

¶23. The prosecution's argument before the trial court rested on the fact that it appeared that Rush never

entered a plea on the Monroe County charges and, thus, with no conviction there can be no double jeopardy violation. This is true. The double jeopardy clause of the United States Constitution, found in the fifth amendment, provides: "nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb...." The Mississippi Constitution, Article 3, § 22, furnishes similar protection: "no person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." *Gray v. State*, 605 So.2d 791, 792 n.1 (Miss.1992).

¶24. The three primary purposes of the double jeopardy clause are that (1) it protects against a second prosecution for the same offense after an acquittal, (2) it protects against a second prosecution for the same offense after a conviction, and (3) it protects against multiple punishments for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984); *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *North Carolina v. Pearce*, 395 U.S. 711, 717-18, 89 S.Ct. 2072, 2076-77, 23 L.Ed.2d 656, 664-65 (1969).

¶25. If Rush had pleaded guilty to one charge in Monroe County in exchange for a promise to drop the other charge, resolution of this case would be easy. The subsequent prosecution in Lowndes County would be barred by double jeopardy. If a plea bargain allows a defendant facing multiple charges to plead to one charge in exchange for having the other charges dismissed or remanded, the remanded charges are barred from further prosecution. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *State v. Comstock*, 485 N.W.2d 354, 367 (Wis. 1992) (principles of fairness, finality, and repose prohibit prosecutor from reprosecuting charges that court dismissed as result of plea agreement); *Nelson v. State*, 193 N.W.2d 704 (Wis. 1972) ("subsequent reprosecution of a charge dismissed as a result of a plea bargain is barred by elementary due process"). The records before us, however, seem to indicate that a guilty plea was never entered with respect to the charges in Monroe County. Fagan's first letter, the one to Prather, indicates that a plea bargain was agreed on by the parties and that Rush fulfilled his part of the bargain (restitution, waiver of extradition). Fagan's second letter, the one to Judge Howard, states that Rush never pleaded guilty to any of the charges in Monroe County. It may well be that the prosecution, having rid the county of William Rush via extradition to Michigan, did not wish to pursue the matter further. Without a conviction on the matter in Monroe County, however, Rush lacks a necessary element of his double jeopardy claim - an actual acquittal or conviction. Fagan's letters appear to indicate that if consummation of the deal in Monroe County was lacking, i.e., the guilty plea never occurred, it was the fault of the prosecution and not Rush. Thus, while principles of double jeopardy may not be offended by Rush's predicament, due process is another matter.

¶26. A defendant who changes his position to his detriment in reliance on a plea agreement is entitled to enforcement of the agreement. *Moody v. State*, 716 So.2d 592 (Miss. 1998). Had Rush so desired, he could have enforced the plea agreement in Monroe County so that he pleaded guilty to one count of forgery. *See Moody, supra.* Practically speaking, however, it would seem that few defendants would complain (and request enforcement of a plea bargain) when the charges are dismissed without the defendant having been required to plead guilty to any of them. Few would have the foresight to anticipate that the charges could be brought again without violating the double jeopardy clause.

¶27. In *Moody v. State*, 716 So.2d 592 (Miss. 1998), the defendant was indicted for two counts of capital murder. The prosecutor and the defendant reached an agreement whereby the defendant would plead to murder in exchange for testifying against his co-defendants. The trial court, however, refused to accept the plea bargain. The defendant appealed to this Court asking for enforcement of the plea

agreement. This Court held that where the defendant has detrimentally relied upon the agreement, he is entitled to enforcement of same. We stated:

> We have squarely held that agreements between the State and defendants must be upheld by the trial court where a criminal defendant has **detrimentally** relied upon the agreement. *See Edwards v. State*, 465 So.2d 1085 (Miss. 1985) (reversing trial court's refusal to quash an indictment for extortion where the defendant, pursuant to an agreement, resigned from his position in exchange for immunity from prosecution); *see also Boyington v. State*, 389 So.2d 485, 491 (Miss. 1980) (reversing eight year sentence where the defendant was promised probation in an agreement with the State in exchange for the defendant acting as an undercover agent; the guilty plea was rejected **after** the defendant performed the required undercover activity).

*Moody*, 716 So.2d at 595 (emphasis in original).

¶28. To the extent that Rush changed his position by waiving extradition to Michigan and paying restitution in exchange for a promise that the charges in Monroe County would be disposed of (if this is really what happened), it would seem that the State would be estopped from prosecuting Rush on those same charges in a different county notwithstanding the fact that there may have been no guilty plea. Because it is not altogether clear what did happen in Monroe County, this case should be remanded for further proceedings to determine the specific circumstances surrounding the disposition of the charges Rush faced in Monroe County and whether Rush may have detrimentally relied on a plea agreement with the prosecutor in Monroe County so as to estop prosecution on the same charges in Lowndes County.

¶29. Accordingly, I dissent.

## SULLIVAN, P.J., BANKS AND MILLS, JJ., JOIN THIS OPINION.

1. Apparently Fagan never even knew about Rush's indictment in Monroe County as shown clearly by his letter to Judge Howard.

2. Supposedly a co-defendant, Sam Thomas, who was involved with Rush was to have reimbursed the $200 check to Slatten, but did not do so. The trial judge found that the Lowndes County check and charge was not one of the two checks for which Rush was indicted in Monroe County. The Lowndes County indictment and check is included in this record and clearly reflects the victim being Dallas Statton, et al, therefore this Court does have the third check which demonstrates valid sole jurisdiction for the Lowndes County indictment.

We also note that the Monroe County indictment does not list Sam Thomas as a co-defendant. Even if in fact a Sam Thomas was involved as a co-defendant, no one paid restitution on the Lowndes County check, therefore, the district attorney there could validly pursue that charge, which is exactly what happened in this case.

3. The Monroe County indictment concerned two checks, nos. 111(in the amount of $200) and 158 (in the amount of $100), drawn on the account of Wayne Davidson. The Lowndes County indictment involved check no. 111 only.

4. That the two indictments involve the same check is clear. Rush, however, may have uttered, i.e. tried to cash, the check twice. Again, this is another fact that needs to be developed below.