827 So.2d 721 (2002)
Earl BLUE a/k/a "Pig", Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00787-COA.
Court of Appeals of Mississippi.
October 1, 2002.
*722 Leland H. Jones, III, Greenwood, Attorney for Appellant.
Office of the Attorney General by Scott Stuart, Attorney for Appellee.
Before KING, P.J., IRVING, CHANDLER, and BRANTLEY, JJ.
CHANDLER, J., for the court.
¶ 1. Earl Blue was convicted of armed robbery in the Circuit Court of Leflore County. The trial court sentenced him to thirty years' imprisonment after the jury was unable to agree on whether to sentence Blue to life. The court subsequently denied his motion for a judgment notwithstanding *723 the verdict and Blue appeals to this Court. Blue now argues that the State never proved that he used a weapon during the commission of the robbery; therefore, he cannot be found guilty of armed robbery. We agree, finding that the State failed to prove a necessary element of armed robbery. However, the evidence clearly supports a finding of simple robbery. Therefore, we reverse and remand this case for sentencing on the lesser-included offense of simple robbery.

FACTS
¶ 2. On the evening of May 3, 2000, Earl Blue walked into the Shell-Go store in Greenwood, Mississippi. Blue entered the restroom and walked out, loitering inside the store for approximately ten minutes. After all of the customers had left the store, Blue walked to the counter and purchased two pieces of gum. When Katrina Wilson opened the register, Blue ordered her and the other clerk, Jacqueline Sandifer, to step back. Blue had a brown paper bag over his hand, pointing it in their direction. Wilson, not knowing whether Blue possessed a weapon underneath the bag, stepped back from the register. Blue then reached in the register and grabbed approximately $175, escaping through the door.

I. DID THE TRIAL COURT ERR IN DENYING BLUE'S MOTION FOR A JNOV?
¶ 3. Blue appeals from the denial of his motion for a JNOV, challenging the sufficiency of the evidence in support of his armed robbery conviction. When reviewing a trial court's denial of a motion for a directed verdict or JNOV, this Court considers "the sufficiency of the evidence as a matter of law ... in a light most favorable to the State." McClain v. State, 625 So.2d 774, 778 (Miss.1993). We will accept any credible evidence that supports guilt as true, granting the prosecution "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Wetz v. State, 503 So.2d 803, 808 (Miss. 1987). This Court will only reverse where a reasonable, fair-minded juror could not have found one of the required elements of the crime. Gleeton v. State, 716 So.2d 1083, 1087 (¶ 14) (Miss.1998).
¶ 4. Section 97-3-79 of the Mississippi Code sets out the elements of armed robbery:
Every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery....
Miss.Code Ann. § 97-3-79 (Rev.2000). Blue argues that because his hand had been concealed in a paper bag, and neither witness saw whether there was anything in the bag, there was no exhibition of a deadly weapon.
¶ 5. The Mississippi Supreme Court has held that "the determination of whether an instrument is a deadly weapon is a question of fact to be determined by the jury." Duckworth v. State, 477 So.2d 935, 938 (Miss.1985). However, in Duckworth, unlike the case sub judice, the perpetrator of the crime actually pointed a "blank starter pistol" at his victim; the jury was asked to decide whether the starter pistol, although not inherently deadly, could be considered deadly within the language of the statute. Id. at 938. Similarly, in Hughey v. State, 512 So.2d 4 (Miss.1987), the court determined that an object under the defendant's shirt could be considered a deadly weapon where evidence was presented that the object had the outline of a gun and the perpetrator told the victim that it was a gun. Hughey, 512 So.2d at 6.
*724 ¶ 6. Unlike Duckworth and Hughey, neither of the two clerks witnessed a gun or even the outline of a gun. In Gibby v. State, 744 So.2d 244, 245(¶ 8) (Miss. 1999), the court stated that absent actual evidence demonstrating the exhibition of a gun, we will not affirm a defendant's conviction for armed robbery. In Gibby, the defendant poked something hard into the victim's ribs, demanding he get out of the car; the victim testified that he assumed the defendant had a gun. Id. at 244-45(¶ 3). The Mississippi Supreme Court reversed the defendant's conviction for armed robbery, emphasizing that "[a]ssumptions are not evidence and cannot support a conviction on any standard, let alone beyond a reasonable doubt." Id. at 245(¶ 8).
¶ 7. Here, the State presented no objective evidence that Blue possessed a gun at the time of the robbery; as such, the conviction for armed robbery must be reversed. According to both Wilson and Sandifer, they did not know whether a gun was within the opaque, paper bag. However, as a matter of precaution, both clerks assumed there was a gun within the paper bag. Clearly, under the reasoning in Gibby, these assumptions are not enough to support Blue's conviction of armed robbery. Moreover, Blue neither threatened to shoot the clerks nor made any other assertion indicating that he possessed a gun. Finally, the police officers never recovered a gun.
¶ 8. While recognizing that the evidence does not support a conviction for armed robbery, we find the evidence is clearly sufficient to support a conviction for simple robbery. As the record reflects, the jury was instructed that if it did not find Blue guilty of armed robbery, it could find him guilty of the simple robbery, a lesser-included offense of armed robbery. As the Mississippi Supreme Court has stated, the direct remand rule allows this Court to remand the case for sentencing on the lesser-included offense of simple robbery where the State proved all of its necessary elements but failed to prove the crime of armed robbery. Clark v. State, 756 So.2d 730, 733(¶ 12) (Miss. 1999). See also Gibby, 744 So.2d at 245(¶ 9). Therefore, this case is remanded for sentencing on the offense of simple robbery.

II. DID THE TRIAL COURT ERR IN ADMITTING BLUE'S STATEMENT THAT HE WAS "TIRED OF RUNNING?"
¶ 9. During the trial, Judy Leach, a detective secretary for the Greenwood Police Department, testified that Blue commented, "I'm glad it's over with. I'm tired of looking over my shoulder." Blue argued that the statement should have been excluded as he had already indicated to the police officers that he did not wish to make any statements. According to Blue, he stated to police that he desired to be placed in a cell and did not wish to make any statements. However, rather than placing him directly in the cell, the police put him in a chair before the police secretary. Blue now argues that the act of placing him before the secretary was coercive and the subsequent statement should have been excluded. The State does not dispute that Blue requested to remain silent; however, it argues that Blue's statement was voluntary and unsolicited. The judge permitted the statement, noting that "if they had asked him anything, it would be clearly inadmissible."
¶ 10. A voluntary, unsolicited statement is admissible. Luster v. State, 515 So.2d 1177, 1179 (Miss.1987); Murphy v. State, 426 So.2d 786, 789 (Miss.1983). The finding of whether a statement was voluntarily given is factual; therefore, we will not reverse the trial court's decision to *725 admit the statement unless clearly erroneous. Mettetal v. State, 602 So.2d 864, 868 (Miss.1992). The trial court must weigh the totality of the circumstances in making the factual inquiry into the voluntariness of a statement or confession. Morris v. State, 798 So.2d 603, 606(¶ 8) (Miss.Ct.App. 2001). "The defendant bears a heavy burden in attempting to reverse a trial court's decision that a confession is admissible." Id.
¶ 11. We first note that there is no evidence in the record that Blue asked to be taken directly to the jail cell upon arrival at the police station. Regardless, the police secretary made no attempt to question Blue while he was in custody, respecting his request and right against self-incrimination. See Fabian v. State, 267 So.2d 294, 296 (Miss.1972) (noting that voluntary, spontaneous admissions prior to any interrogation are admissible). The trial judge emphasized this when stating the reasons for admitting Blue's statement. Furthermore, we do not find the mere act of placing Blue in front of the secretary prior to placing him in a jail cell so coercive as to require reversal. This act, when viewed with all the other circumstances surrounding Blue's custody, does not qualify as an actual interrogation. As such, we find his statement voluntary and admissible.

III. DID THE TRIAL COURT ERR IN SENTENCING BLUE TO THIRTY YEARS' IMPRISONMENT?
¶ 12. Blue argues that the trial court exceeded its jurisdiction and the will of the jury in sentencing him to thirty years' imprisonment because the term was so long that, when combined with other sentences being served by Blue, the total exceeded his life expectancy. This argument is moot since we are remanding for sentencing on simple robbery, a crime with a maximum sentence of fifteen years. Even were we to reach this argument, it is wholly without merit. The Mississippi Supreme Court has made explicitly clear, "each sentence is to be imposed without respect to the other." Erwin v. State, 557 So.2d 799, 803 (Miss.1990). Therefore, although the jury chose not to impose a life sentence, the sentence of thirty years when combined with a prior sentence of twenty-five years, may in fact exceed Blue's life expectancy. See Wash v. State, 807 So.2d 452 (¶¶ 16-21) (Miss.Ct.App. 2001).
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF ARMED ROBBERY IS REVERSED AND REMANDED FOR SENTENCING ON THE CRIME OF SIMPLE ROBBERY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING and MYERS, JJ., concur.
BRANTLEY, J., Dissents without separate written opinion.