859 So.2d 1039 (2003)
Gregory Adams BROWN a/k/a Gregory A. Brown a/k/a Gregory Brown, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00448-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Carol L. White-Richard, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
IRVING, J., for the Court.
¶ 1. A Washington County jury found Gregory Adam Brown guilty of armed robbery. The trial judge sentenced Brown to twenty-five years in the custody of the Mississippi Department of Corrections. After the trial, Brown filed a motion for a JNOV or, in the alternative, for a new trial which was subsequently denied. Feeling aggrieved, Brown appeals and assigns as error insufficiency of the evidence to support his conviction of armed robbery.
*1040 ¶ 2. Finding no reversible error, this Court affirms the judgment of the trial court.

FACTS
¶ 3. On February 19, 2001, Veronica Gates was employed as a cashier at a convenience store in Washington County, Mississippi. Around 11:20 p.m., an individual robbed the convenience store with the use of a deadly weapon. The robber placed a six-pack of beer on the checkout counter and told Gates he would be back. The robber returned moments later to the checkout counter and at this time came behind the counter placing a little sharp object against Gates's side. At this point, Gates could not see the object at her side but she could feel it. The robber asked Gates to open the cash register and after she complied, he proceeded to take the money out of the drawer. The robber then asked Gates to lift up the cash register. When she complied with this directive, she was able to see the object being held at her side. Gates described the object as a sharp tool-like object. The robbery was interrupted when the robber saw another customer. He then ran out of the store.
¶ 4. During the course of the robbery, the robber did not wear any disguise, and Gates was able to provide a description to the police. The police were also able to identify the robber because the convenience store had a videotape surveillance security system. The videotape was later viewed by the investigating officers.
¶ 5. Later that night, Gates was interviewed at the Greenville Police Department (GPD). Gates was shown a mug shot book to help identify the suspect, and she identified Gregory Adam Brown as the culprit. The officers found an address for Brown and attempted to locate him. When officers arrived at the residence, Brown was not home, and the officers then circled the area surrounding his home. An officer who had previously viewed the surveillance videotape saw Brown walking within a few blocks of his home and arrested him.
¶ 6. After Brown was arrested, officers found a punch-like tool on his person. When Brown was brought down to the GPD, Gates returned and was able to identify the punch-like tool as the weapon used in the robbery.
¶ 7. Other relevant facts will be related during the discussion of the issue.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. The only issue Brown argues on appeal is that the evidence was insufficient to prove beyond a reasonable doubt the essential elements of the crime. Specifically, Brown attacks the jury's finding that he exhibited a deadly weapon during the course of the robbery. Brown points to Gates's testimony and argues that her testimony is insufficient to support a finding that a deadly weapon was used since she did not get a good look at the object used and could not identify any particular object until after he was arrested with a punch-like instrument on his person.
¶ 9. The standard of review in a legal sufficiency challenge is well established:
The evidence is viewed in the light most favorable to the State, which also receives the benefit of any favorable inferences which may be reasonably drawn from the evidence. All credible evidence consistent with the guilty verdict is accepted as true, with issues of weight and credibility resolved by the jury. [An appellate] court will reverse only where reasonable and fair-minded jurors could only find the accused not guilty. *1041 Johnson v. State, 642 So.2d 924, 927 (Miss. 1994).
¶ 10. The crux of Brown's argument is that Gates could not determine what type of weapon was used in the robbery. He emphasizes that Gates described the weapon as a sharp object but testified that she did not get a good look at the weapon. Moreover, he contends that because Gates could not see the weapon the armed robbery conviction should be reversed.
¶ 11. Gates testified that she felt a sharp object at her side when she was instructed by Brown to open the cash register. Despite the fact that she was not able to get a good look at the object during the course of the robbery, she testified that she did look at the object in Brown's hand which she later described to police as a tool-like object.
¶ 12. Brown cites us to the case of Gibby v. State, 744 So.2d 244 (Miss.1999), and Blue v. State, 827 So.2d 721 (Miss.Ct. App.2002), in support of his contention that the State failed to prove one of the elements of the offense, the exhibition of a deadly weapon. In Gibby, the defendant "poked something hard through his jacket pocket into the victim's ribs." Id. at (¶ 3). The victim did not see the hard object but assumed it was a gun. Id. at (¶ 4). A divided Mississippi Supreme Court, finding that the evidence was insufficient to support the defendant's conviction of armed robbery, reversed and remanded for sentencing on the lesser offense of simple robbery. Id. at (¶ 10).
¶ 13. In Blue, the defendant had a brown paper bag over his hand, pointing it in the direction of the victims. Blue, 827 So.2d at 723(¶ 2). While pointing toward the victims, the defendant ordered them back from the cash register. Id. This Court, relying upon Gibby, reversed the defendant's conviction of armed robbery and remanded for sentencing on simple robbery. Id. at 724(¶ 8).
¶ 14. We find that both Gibby and Blue are distinguishable from our case. Here, Gates not only felt the weapon at her side but she also saw the weapon. Later, after Brown was arrested, she was able to identify the tool-like object as the weapon used in the robbery. Moreover, Brown was apprehended with the weapon still on his person.
¶ 15. While the facts here are strikingly similar to those in Gibby, one significant difference exists. In Gibby, the robbery victim never saw the object. Therefore, there was an absence of the element requiring the exhibition of a deadly weapon. Neither victim in Gibby or Blue ever saw a weapon or the outline of a weapon. Here, as we have already noted, Gates was able to see the sharp instrument before the robbery was completed. Consequently, we find that the exhibition element of the crime was sufficiently proven.
¶ 16. Brown makes no argument as to the insufficiency of the evidence with respect to any other element of the crime. Therefore, we see no need to address the element issue any further. Suffice it to say that we have reviewed the entire record, and we are satisfied that all of the elements of armed robbery were sufficiently proven by the State. Consequently, we see no basis for disturbing the jury's verdict.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
*1042 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.