IRVING, J.,
for the Court.
¶ 1. Alexander Young was convicted in the Circuit Court of Walthall County on charges of conspiracy to commit armed robbery and armed robbery. He was sentenced to serve consecutive terms of five years for conspiracy to commit armed robbery and thirty-five years for armed robbery in the custody of the Mississippi Department of Corrections. Aggrieved, he asserts the following issue on appeal:
I. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT’S MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. On April 10, 2001, Janie Blackwell, an employee of Dillon’s Grocery on Highway 48 in Tylertown, Mississippi was working in the store when she was assailed by a man wearing a mask. Blackwell testified that the man produced a gun that was partially hidden under a black drape and that he proceeded to stick the gun into her back. The man demanded that she go with him to the bathroom. Blackwell informed her assailant that the store had no bathroom. The assailant then forced her into the corner of the store and ordered her not to turn around.
¶ 4. While in the corner, Blackwell testified that she heard a loud noise and turned to see two other men in the store. One man was positioned behind the counter and proceeded to hand cartons of ciga *28 rettes across the counter to his companion. She later identified the man at the front of the counter as a person who resembled the Appellant, Alexander Young. The three men then left the store and fled the scene in a dark colored car. A police chase later ensued, and though the suspects escaped capture, the getaway car was abandoned and inspected by the police. In the car, the police found cartons of cigarettes, a receipt made out to Dillon’s Grocery, a mask, a small amount of cash, and food stamps. A gun or weapon was never recovered.
¶ 5. On April 11, 2001, Richard Andrews entered the Walthall County Sheriffs Department, identified himself as the driver of the car, and gave a personal account of the robbery that included the descriptions of the three men who entered the store. After learning the police were looking for him, Young voluntarily entered the sheriffs department and gave a statement admitting he had been in the car and that he had worn a mask. He, along with Sherman Ruffin and Ortega Holmes, were charged with conspiracy to commit armed robbery and armed robbery. Ruffin and Holmes pled guilty to both counts and were sentenced before Young’s trial.
¶ 6. At Young’s trial, the State presented the testimony of three witnesses: Investigating Officer Toney Rushing, Janie Blackwell, and Lazonda Mark. Mark testified that she had been riding in the car with Andrews on the way to the store when he stopped to pick up Ruffin, Holmes, and Young. She also testified that she turned around to see the three men putting on masks and ordered Andrews to stop the car and let her out. She was later picked back up by the men and testified that she noticed cartons of cigarettes in the back.
¶ 7. Young, in his defense, called Ruffin and Holmes to testify. Both men testified the robbery was Ruffin’s idea and both stated that a gun was not used during the robbery. Ruffin testified only that he used a black garment to cover a white purse with silver buckles and posed the ensemble as a weapon. On March 18, 2008, the jury found Young guilty of both conspiracy to commit armed robbery and armed robbery. On March 20, 2003, the circuit court judge sentenced Young to serve a term of five years for the conspiracy conviction and thirty-five years for the armed robbery conviction. Young’s attorney filed a timely motion for judgment notwithstanding the. verdict (JNOV), or in the alternative, for a new trial. The motion was denied, and Young now appeals from the denial of the motion.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. Young asserts that the trial judge erred in its decision to deny his motion for judgment notwithstanding the verdict in that the evidence presented to the jury was not legally sufficient to sustain the guilty verdicts. Young asserts that the State produced no witness to testify that he had entered into a plan or scheme with Ruffin and Holmes to rob the store. Young also bases his assertion on the fact that the State only produced one witness, Blackwell, to testify as to the belief in the presence of a weapon used during the robbery. He further states that the State failed to produce any objective evidence demonstrating the exhibition or possession of a gun. Young therefore argues that the State never produced evidence that proved beyond a reasonable doubt that he committed either the offense of conspiracy to commit armed robbery or armed robbery.
¶ 9. For review of a denial of a motion for JNOV, the standard set forth by the Mississippi Supreme Court is clear:
*29 In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with [a defendant’s] guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted).
¶ 10. Conspiracy is defined in the Mississippi Code Annotated section 97-1-1 as “two or more persons [conspiring] either: (a) [t]o commit a crime; or ... (h) [t]o accomplish any unlawful purpose, or a lawful purpose by any unlawful means.... ” Miss.Code Ann. § 97-1-l(a)(h) (Rev.2000). Young argues that no one testified that he had entered into a plan or scheme with Ruffin or Holmes to rob the grocery store. Moreover, Young argues Ruffin testified that he intended to act alone and that he had only invited Holmes and Young for a ride. However, there was testimony from the State’s witness Lazonda Mark claiming that, while riding in the car on the way to the store, she observed all three men as they were putting on stocking masks. While Mark may not have overheard Young, Ruffin, and Holmes scheming to rob the store, the law only requires proof of conspiracy from the circumstances surrounding the actions of the crime.
¶ 11. For there to be a conspiracy, “[e]ach person involved in the conspiracy must know that ‘they [sic] are entering into a common plan and knowingly intend to further its common purpose.’ ” Harrington v. State, 859 So.2d 1054, 1056(¶ 9) (Miss.Ct.App.2003) (quoting Mitchell v. State, 572 So.2d 865, 867 (Miss.1990)). Additionally, an agreement by the parties “need not be formal or expressed], but may be inferred from the circumstances, particularly by declarations, acts, and conduct of the alleged conspirators.” McDonald v. State, 454 So.2d 488 (Miss.1984). Conspiracy “may be proved entirely by circumstantial evidence.” Davis v. State, 485 So.2d 1055, 1058 (Miss.1986).
¶ 12. Young admitted in his voluntary statement to the police that he wore a mask while in route to the store. He also admitted that he was present in the store. Janie Blackwell, the store clerk, identified him as a participant in the robbery. Lo-zanda Mark also testified that when she was picked back up by the men after the robbery, the men possessed boxes containing goods taken from the store. Accordingly, the jury could have easily inferred from that testimony that Young conspired with the others to commit the robbery.
¶ 13. Young also asserts that the State presented no objective evidence that any of the accused men possessed a gun. He argues that Janie Blackwell, the witness of the robbery, only “assumed” that Ruffin possessed a gun covered by a drape during the holdup, when, he contends, the object under the drape was nothing more than a purse. Young further argues that the State was unable to locate a weapon or gun that would prove the act was committed with a deadly weapon.
¶ 14. For a conviction of armed robbery, the accused must “feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon.” Miss.Code Ann. § 97-3-79 (Rev.2000).
*30 ¶ 15. In support of his claim that a mere assumption that a defendant possess a weapon is not enough to support a conviction of armed robbery, Young cites to the Mississippi Supreme Court’s decision in Gibby v. State, 744 So.2d 244 (Miss.1999) and this Court’s decision in Blue v. State, 827 So.2d 721 (Miss.Ct.App.2002). However, the facts in both cases are distinguishable from the case subjudice.
¶ 16. In Gibby, the appellant, posing as an interested car buyer, poked the salesman in the ribs with an object concealed within his jacket pocket. Gibby, 744 So.2d at 244-45. The salesman never saw a gun, but only assumed that his assailant possessed a gun. Id. at 245. Likewise, in Blue, the appellant was convicted for the armed robbery of a convenience store. Blue, 827 So.2d at 723. The appellant, however, used a brown paper bag to cover his hand, and the two witnessing store clerks never saw a weapon displayed. Id. at 724. Both cases resulted in reversal because the State had not produced sufficient evidence for a conviction of armed robbery.
¶ 17. In the case at bar, however, Blackwell, the store clerk at the time of the robbery, testified that even though her assailant used a black drape over his hand, she could see the end of a gun sticking out from under the drape. She further testified that her assailant forced her into the corner of the store by pushing her with the end of the gun. When cross-examined, Blackwell reemphasized that she recognized the gun barrel underneath the draping.
¶ 18. As we have stated before, “the jury is the sole judge of the credibility of witnesses, and the jury’s decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict.” Newell v. State, 754 So.2d 1261, 1265(¶ 9) (Miss.Ct.App.1999). On appeal, this Court “is not to sit as jurors and retry the case.” Id. (quoting Sanders v. State, 730 So.2d 1154, 1156(¶ 9) (Miss.Ct.App.1999)).
¶ 19. In this case, the jury had the opportunity to hear testimony from the State’s witnesses. One witness offered direct testimony as to having seen Young place a stocking over his face before the commission of the crime. The store clerk identified Young as one of her assailants. She also testified as to the presence of a gun. Young presented only two witnesses for his case-in-chief, both of whom were serving sentences for their involvement in the robbery. The jury, as finder of fact, is charged with the task of deciphering the veracity of the testimony and weighing the evidence presented to them. There is nothing here to indicate an insufficiency of evidence for fair-minded jurors to convict Young for the charges of conspiracy to commit armed robbery and armed robbery. Accordingly, we affirm the judgment of the circuit court.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF WALTHALL COUNTY OF THE CONVICTION OF COUNT I — CONSPIRACY TO COMMIT ARMED ROBBERY AND SENTENCE OF FIVE YEARS AND COUNT II— ARMED ROBBERY AND SENTENCE OF THIRTY-FIVE YEARS, SENTENCES TO RUN CONSECUTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND PAYMENT OF $10,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.