MODIFIED OPINION ON MOTION FOR REHEARING
ROBERTS, J.,
for the Court:
¶ 1. On our own motion, we granted rehearing in this case. The original opinion is withdrawn, and this opinion is substituted therefor.
FACTS AND PROCEDURAL HISTORY
¶ 2. On December 13, 2005, Ladennis Graham was indicted for possession of 11.59 grams of cocaine with the intent to distribute pursuant to Mississippi Code Annotated section 41-29-142 (Rev. 2009). On March 28, 2006, Graham pled guilty to simple possession of 11.59 grams of cocaine. The circuit court sentenced Graham pursuant to Mississippi Code Annotated section 41-29-139 (Rev. 2005), to serve sixteen years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to be suspended upon the successful completion of twelve months of house arrest, four years of supervised post-release supervision, and the successful completion of the Circuit Court Community Service Program. The MDOC’s classification committee found that Graham had violated the terms of house arrest on July 25, 2006. The MDOC reclassified Graham and placed him on inmate status. The MDOC required that Graham serve the balance of his entire sixteen-year sentence.
¶ 3. Graham timely filed a motion for post-conviction relief with the circuit court on July 27, 2007. The circuit court summarily denied relief on the basis that it did not have jurisdiction to hear Graham’s claims. It is from this denial of post-conviction relief that Graham now appeals, alleging the following assignments of error: (1) the circuit court and defense counsel failed to advise him of his right to appeal his sentence; (2) the indictment under which Graham was charged failed to set forth the correct statute and judicial district; (3) the sentence imposed constituted an illegal and indefinite sentence; (4) he was denied effective assistance of counsel; and (5) his guilty plea was not voluntarily and intelligently entered. Finding that the circuit court had jurisdiction to hear Graham’s motion and that the circuit court’s underlying sentence was impermis-sibly indeterminate and indefinite, we reverse the judgment of the circuit court and remand this matter for further proceedings consistent with this opinion.
*864 STANDARD OF REVIEW
¶ 4. This Court will not disturb the findings of the trial court denying a motion for post-conviction relief unless they are found to be clearly erroneous. Broum v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). Questions of law are reviewed de novo. Id.
ANALYSIS
¶ 5. We must first address the issue of jurisdiction as this was the deciding factor in the circuit court’s denial of Graham’s motion for post-conviction relief. For the reasons stated below, we find that the circuit court erred in determining that it lacked jurisdiction to review Graham’s motion for post-conviction relief.
¶ 6. In denying Graham’s motion, the circuit judge relied heavily on precedent from Babbitt v. State, 755 So.2d 406 (Miss. 2000). Demethris Babbitt was accused of violating the terms of his intensive supervision program (ISP), which is also termed “house arrest,” and the circuit court ordered him to complete the original sentence imposed. Id. at 407-08 (¶¶ 6, 7). The MDOC Classification Committee later found that Babbitt was not guilty of the alleged violation; however, Babbitt was not returned to the ISP. Id. at 408 (¶ 7). Babbitt then filed a motion for post-conviction relief with the circuit court, which dismissed the motion. Id. at 407 (¶ 3). The Mississippi Supreme Court ruled that, while the circuit court was correct in dismissing Babbitt’s motion for post-conviction relief, the circuit court lacked jurisdiction to reinstate his original sentence as that power is given to the Classification Committee by Mississippi Code Annotated section 47-5-1003(3) (Supp.1999). Id. at 409 (¶ 14). The supreme court held that, instead of moving for post-conviction relief, Babbitt should have followed the “offender grievance procedure” established by the MDOC. Id. at (¶ 15). In sum, Babbitt’s claim came under the jurisdiction of the MDOC as he was attacking aspects of his ISP, not the legality of his original sentence.
¶ 7. The instant case can be distinguished from Babbitt, however, because Graham is not attacking his removal from the ISP. Graham attacks his guilty plea and the original sentence imposed by the circuit court. Therefore, Graham’s motion for post-conviction relief would be subject to review by the circuit court. See Miss. Code Ann. § 99-39-5 (Rev. 2007). Accordingly, we find that the circuit court erred in its conclusion that it did not have jurisdiction to consider Graham’s motion, and we will proceed to address Graham’s individual assignments of error.
7. Whether Graham was advised of his right to appeal.
¶ 8. Graham claims that neither defense counsel nor the circuit judge informed him of his right to appeal his sentence directly to the Mississippi Supreme Court. We first note that the circuit court clearly stated to Graham that, by entering a plea of guilty, he waived any right to appeal. At the time that Graham pled guilty, section 99-35-101 of the Mississippi Code Annotated (Rev. 2000), denied appeal from the circuit court to the supreme court “in any ease where the defendant enters a plea of guilty.” However, this section was not interpreted to deny the defendant the right to appeal the sentence given as a result of that plea. See Trotter v. State, 554 So.2d 313, 315 (Miss.1989) (“an appeal from a sentence imposed pursuant to a guilty plea is not equivalent to an appeal from the guilty plea itself’).[1] In a recent *865 case, Elliott v. State, 993 So.2d 397, 399 (¶ 10) (Miss.Ct.App.2008), the defendant raised the same issue as the one put forth by Graham, and this Court found that: “While it is true that a defendant may appeal the sentence resulting from a plea of guilty independently of the plea itself, there is no corresponding requirement that the circuit court notify the defendant of that right during the plea process.” Accordingly, we found that the circuit court’s failure to inform a defendant of the ability to appeal the sentence separately did not deny the defendant due process. Id. at 399^00 (¶ 10). We find Graham’s argument regarding the circuit court’s failure to advise him of the right to appeal his sentence is without merit. We will address Graham’s contention regarding his counsel’s similar failure under his claim of ineffective assistance of counsel.

II. Whether the indictment was defective.

¶ 9. Graham alleges that his original indictment contained a defect because it only referenced the enhancement statute, section 41-29-142, not section 41-29-139 (Rev. 2009), under which he ultimately pled guilty. He also claims that the indictment did not list the correct judicial district where he was charged.
¶ 10. First, we find no error as to the judicial district listed on the indictment. The indictment stated that Graham was indicted in the Second Judicial District of Jones County, Mississippi. The sentencing order also stated that he was in the Second Judicial District of Jones County, Mississippi. Therefore, there is no discrepancy between the indictment and the sentencing order.
¶ 11. Second, the statute under which Graham was indicted, section 41-29-142, was a penalty enhancement to the statute under which Graham was ultimately sentenced, section 41-29-139.[2]
An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.
Gilmer v. State, 955 So.2d 829, 836-37 (¶ 24) (Miss.2007). Section 41-29-142(1) states in part:
Except as provided in subsection (f) of Section 41-29-139 or in subsection (2) of this section, any person who violates or conspires to violate Section 41-29-139(a)(1) ... by selling, bartering, transferring, manufacturing, distributing, dispensing or possessing with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance, in or on, or within one thousand five hundred (1,500) feet of, a building or outbuilding which is all or part of a public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie theater or within one thousand (1,000) feet of, the real property comprising such public or private elementary, vocational or secondary school, or any church, public park, ballpark, public gymnasium, youth center or movie the *866 ater shall, upon conviction thereof, be punished by the term of imprisonment or a fine, or both, of that authorized by Section 41-29-139(b) and, in the discretion of the court, may be punished by a term of imprisonment or a fine, or both, of up to twice that authorized by Section 41-29-189(b).
(Emphasis added). It is apparent from our review of the record that the reason for the different statute was a result of Graham’s plea agreement with the State in order to receive the more lenient sentence available under section 41-29-139. Consequently, we find no error in the disparity between the indictment and sentencing order.
¶ 12. Regardless of these findings, Graham waived any claim of defect with his entry of a guilty plea. The Mississippi Supreme Court “has held that a guilty plea waives any claim to a defective indictment.” Harris v. State, 757 So.2d 195, 197 (¶ 9) (Miss.2000) (citing Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989)). “The entry of a guilty plea constitutes an admittance of ‘all elements of a guilty charge’ and ‘operates as a waiver of all non-jurisdictional defects contained in an indictment.’ ” Adams v. State, 950 So.2d 259, 261 (¶ 6) (Miss.Ct.App.2007) (quoting Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). “The only two exceptions to this rule are if the indictment fails to state an essential element of the crime charged or if there exists no subject matter jurisdiction.” Elliott, 993 So.2d at 398 (¶4) (citation omitted). As neither of these exceptions apply to the instant case, we find this issue is without merit.

III. Whether the sentence imposed upon Graham constituted an unconstitutional, illegal, and indeterminate sentence.

¶ 13. In this issue, Graham claims that the circuit court’s sentence was illegal. More specifically, Graham claims the circuit court’s sentence was illegally vague and indeterminate. After careful consideration, we agree.
¶ 14. The circuit court’s sentencing order reads as follows:
In Cause No. 2005-233-KR2, whereby Defendant is charged with Possession of Cocaine, 11.59 grams, the Defendant is to serve a sixteen (16) year sentence with the Mississippi Department of Corrections, with fifteen (15) years to be suspended conditioned upon the successful completion of twelve (12) months of house arrest and four (4) years on supervised post-release supervision and successful completion of the Circuit Court Community Service Program.
We are mindful that “[a]n argument that the sentence violates [the] law, either because it is clearly erroneous or because it is unredeemably ambiguous or incomplete, would be proper under the post-eonviction[-]relief procedures.” Burns v. State, 933 So.2d 329, 331 (¶8) (Miss.Ct.App. 2006). There are two reasonable but mutually exclusive ways to interpret the circuit court’s sentence: (A) at the time the circuit court sentenced Graham on March 28, 2006, it sentenced him to sixteen years with the possibility of later having fifteen years suspended if the MDOC found that Graham had completed house arrest; or (B) at the time the circuit court sentenced Graham on March 28, 2006, it suspended fifteen years of Graham’s sixteen-year sentence and made one of the conditions of Graham’s suspension that Graham successfully complete house arrest. Graham claims the first interpretation is correct; and therefore, his sentence is illegal. The confusion hinges on the circuit court’s use of the language, “to be suspended conditioned upon the successful completion of ... house arrest.”
*867 ¶ 15. Because the circuit court used the phrase “to be suspended,” the most logical interpretation of the circuit court’s sentence is that it did not suspend Graham’s sentence at the time it executed its sentencing order on March 28, 2006. However, the circuit court’s sentence, so interpreted, cannot operate within the parameters of the law.
¶ 16. First, the circuit court did not retain sentencing authority over Graham for one year pursuant to Mississippi Code Annotated section 47-7-47(2)(a) (Rev. 2004), which states that a sentencing court may:
upon its own motion, acting upon the advice and consent of the commissioner not earlier than thirty (30) days nor later than one (1) year after the defendant has been delivered into the custody of the [MDOC], to which he has been sentenced, suspend the further execution of the sentence and place the defendant on earned probation....
Without retention of sentencing jurisdiction pursuant to section 47-7-47, the circuit court’s authority to modify Graham’s sentence terminated at the expiration of the term of court. Miss. Comm’n on Judicial Performance v. Russell, 691 So.2d 929, 944 (Miss.1997). See also Denton v. Maples, 394 So.2d 895, 898 (Miss.1981) (holding “the only time a trial judge can suspend a sentence is immediately after the defendant is convicted and at the time the trial judge announces and imposes sentence.” (Emphasis added)). Accordingly, the circuit court lacked the authority to defer the question of suspension of part of Graham’s sentence to a later date past the term of court.
¶ 17. Second, such an interpretation would allow the circuit court to imper-missibly attempt to delegate its authority to suspend part of Graham’s sentence. Only circuit courts are authorized to sentence individuals who have been convicted of a felony. Miss.Code Ann. § 9-7-91 (Rev. 2002). The Mississippi Constitution sets forth that the powers of the three separate branches of government of the State of Mississippi are divided into three distinctly separate departments: legislative, executive, and judicial. MS Const. Art. 1, § 1.
¶ 18. The MDOC is a statutorily created body that is “under the policy direction of the governor.” Miss.Code Ann. § 47-5-8(1) (Rev. 2004). Accordingly, the MDOC is part of the executive branch of the government. It follows that the MDOC may not usurp authority that clearly lies with the judicial branch of the government. Consequently, the circuit court may not delegate its sentencing authority, including the authority to suspend a sentence, to the MDOC. However, the record reflects that Graham is now serving his entire sixteen-year sentence in the custody of the MDOC. In other words, based on the language of the circuit court’s sentencing order, the circuit court authorized the MDOC to deny Graham the fifteen-year suspended portion of his sentence when the MDOC found that Graham violated the terms of house arrest.
¶ 19. Third, by operation of the circuit court’s sentence, Graham was denied his constitutional rights incident to revocation of a suspended sentence. There can be no doubt that Graham has constitutionally protected due-process rights to a hearing before the circuit court prior to the revocation of his suspended sentence. Gagnon v. Scarpelli, 411 U.S. 778, 781, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Mississippi Code Annotated section 47-7-37 (Supp.2009) codifies the minimum due-process requirements applicable to probation-revocation procedures mandated by the United States Supreme Court *868 in Morrissey v. Brewer, 408 U.S. 471, 487-88, 92 S.Ct. 2593, 38 L.Ed.2d 484 (1972) and in Gagnon, 411 U.S. at 781-82, 93 S.Ct. 1756. Riely v. State, 562 So.2d 1206, 1209-12 (Miss.1990). The procedures for revocation of post-release supervision and recommitment of the offender to the correctional facility must be “conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.” Miss.Code Ann. § 47-7-34(2) (Rev. 2004). After the final revocation hearing, the court “may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.” Miss.Code Ann. § 47-7-37. However, only a court has the authority to revoke probation or post-release supervision under section 47-7-37. Grace v. State, 919 So.2d 987, 989 (¶ 8) (Miss.Ct.App.2005). Likewise, only a court may revoke a suspended sentence. Miss.Code Ann. § 47-7-37. It follows that the MDOC has no such authority. Graham did not go before the circuit court for a revocation hearing. Instead, the MDOC effectively revoked Graham’s suspended sentence without affording him his due process rights to a revocation hearing and required that he serve the fifteen-year suspended portion of his sentence.
¶ 20. Based on the circuit court’s failure to retain sentencing jurisdiction pursuant to section 47-7-47, its implied attempt to impermissibly delegate its authority to suspend part of Graham’s sixteen-year sentence and the fact that Graham did not have a revocation hearing, the circuit court’s sentence is impermissibly indeterminate. We have held that where “a [defendant is given an illegal sentence that is more favorable than what the legal sentence would have been, then he/she is not later entitled to relief through a post-conviction action.” Jefferson v. State, 958 So.2d 1276, 1279 (¶ 9) (Miss.Ct.App.2007). However, so interpreted, Graham’s sentence is not impermissible because it is illegally lenient. Graham claims that he violated the terms of house arrest on July 25, 2006, when the Laurel Police Department discovered narcotics and guns in his brother’s house. (Although the record is silent on the issue, it may be that Graham was staying in his brother’s house while he was on house arrest). Graham also claims that the MDOC could only re-classify him to custody status for the remaining eight months of his twelve-month house-arrest sentence — not for fifteen years and eight months. Rather, such an interpretation of his sentence renders it impermissibly vague, indeterminate, and indefinite because it conditionally suspended part of Graham’s sentence after the circuit court had lost its sentencing jurisdiction; imper-missibly delegated the decision of whether part of Graham’s sentence would be suspended to an agency of the executive branch of the government; and denied Graham his due-process right to appear before the circuit court to determine whether he had violated the conditions of his suspended sentence.[3]
*869 ¶21. To illustrate why Graham’s sentence is problematic, an example is helpful. Assume the house-arrest program had been terminated due to budget cuts or for some other reason.[4] If that occurred and Graham had been reclassified by the MDOC to inmate status through no fault of his own, would Graham then have to serve the remaining fifteen years of his sixteen year sentence in custody? It appears that he would. After all, under those circumstances, he would not have successfully completed house arrest. If the circuit court is allowed to circumvent the requirements of a constitutionally-mandated revocation hearing in which a convicted individual is afforded an opportunity to be heard, such an unjust outcome is possible.
¶ 22. Based on the matters discussed above, we find that such an interpretation of the circuit court’s sentence to be illegally vague and indeterminate. The other reasonable interpretation of the circuit court’s sentencing order is that on March 28, 2006, when the circuit court sentenced Graham, the circuit court suspended fifteen years of Graham’s sixteen-year sentence and made a condition of the suspended sentence that Graham successfully complete house arrest. We choose this interpretation of the circuit court’s sentencing order. We have scoured the meager record in this case. Graham’s initial charge was reduced from possession of cocaine with intent to simple possession of 11.59 grams of cocaine. Apparently, the charge was reduced to make Graham legally eligible to receive house arrest. See Miss.Code Ann. § 47-5-1003(1) (Rev. 2004). A conviction for possession of cocaine with intent pursuant to Mississippi Code Annotated section 41-29-139(a)(l) (Rev. 2009) would have made Graham ineligible to receive house arrest. Graham pled guilty pursuant to a plea bargain. The only specific reference to the plea agreement appears in the record when Assistant District Attorney Ronald Parrish stated the following in the presence of the circuit court, Graham, and Graham’s defense attorney:
Upon acceptance of [Graham’s guilty] plea, it would be the recommendation of the State that he be sentenced to serve a term of sixteen years with the Mississippi Department of Corrections with fifteen of those suspended upon his suc *870 cessful completion of twelve months [of] [h]ouse [a]rrest and four years [of] [p]ost[-release] [supervision_
(Emphasis added).
¶ 23. In Jenkins v. State, 910 So.2d 28, 24 (¶ 1) (Miss.Ct.App.2005) an offender was sentenced to five years in the custody of the MDOC with one year on house arrest with the possibility that the remaining four years would be suspended. Id. When Otha Jenkins violated the house-arrest rules, he was placed in the general prison population and told that he would have to serve the remainder of his five-year sentence. Id. at 25 (¶ 6). Jenkins failed to provide an adequate record for review, and this Court stated that “[b]e-cause Jenkins failed to include his motion for post-conviction relief in the record before us, we must affirm the judgment of the circuit court.” Id. at (¶ 5). It is unclear in the Jenkins opinion whether the circuit court retained sentencing jurisdiction pursuant to section 47-7-47 because we concluded that “[b]eeause Jenkins did not successfully complete the one year of [house arrest], four years of his sentence were never suspended and he was never placed on probation. Rather, for violating the [house-arrest rules], Jenkins had to serve his entire five[-]year sentence.” Id. at (¶ 10). To the extent that the Jenkins opinion conflicts with this opinion, Jenkins is overruled.
¶24. As previously stated, the circuit court has not afforded Graham a revocation hearing to determine whether he had violated a condition of the fifteen-year suspended portion of his sentence. Accordingly, we remand this matter to the circuit court so the circuit court or the State, if it so chooses, may initiate proceedings for the revocation of Graham’s fifteen-year suspended sentence.[5]

TV. Whether defense counsel rendered ineffective assistance of counsel.

¶ 25. Graham claims that his trial counsel failed to render effective assistance of counsel. Specifically, he alleges that his counsel did not make him aware of the elements of the crime for which he pled guilty, and his counsel failed to advise him of his right to appeal. Graham also contends that his counsel neglected to investigate facts regarding the arrest prior to advising him to enter a plea of guilty.
¶26. “This Court employs the standard of review set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) in evaluating an ineffective-assistance-of-counsel claim.” Calvert v. State, 726 So.2d 228, 231 (¶ 9) (Miss.Ct.App.1998). Under Strickland, Graham “must prove that the performance of his attorney was deficient, and the deficiency was so substantial as to deprive [him] of a fair trial.” Id. “[W]hen a convicted defendant challenges his guilty plea on [the] ground[s] of ineffective assistance of counsel, he must show unprofessional errors of substantial gravity.” Buck v. State, 838 So.2d 256, 260 (¶ 12) (Miss. 2003). The defendant must also show that, but for counsel’s errors, the defendant would not have entered a plea of guilty. Id.
¶ 27. Graham was fully advised by the court as to the consequences of his guilty plea, which we will discuss in further detail below. Also, as we have al *871 ready found that there was no error in regard to the judicial district, we find that Graham’s allegation of ineffective assistance of counsel as to that particular issue is without merit. As to the claim that counsel failed to investigate the charge, this Court has found that “[f]or failure to investigate to arise to the level of ineffective assistance of counsel, the defendant must state with particularity what the investigation would have revealed and how it would have altered the outcome.” Middlebrook v. State, 964 So.2d 688, 640 (¶ 10) (Miss.Ct.App.2007) (citing Triplett v. State, 840 So.2d 727, 731 (¶ 11) (Miss.Ct.App. 2002)). Therefore, we have to ask “whether the evidence and testimony, if properly investigated and presented, would have changed the outcome had the parties gone forward.” Hannah v. State, 943 So.2d 20, 25 (¶ 9) (Miss.2006).
¶ 28. Graham has presented this Court with no evidence to this effect. Although he contends that his counsel should have mentioned to him or the circuit court that the elements of possession of cocaine had not been met by the admissions made by Graham, we find that Graham knowingly and intelligently admitted to the charge against him, which included the possession of cocaine.
¶ 29. As to his right to appeal his sentence, Graham’s affidavit does not even state that defense counsel failed to advise him of this right. Nor did he show how this alleged error affected his guilty plea. Mississippi Code Annotated section 99-39-9 (Rev. 2007) requires a movant for post-conviction relief to include, along with his filing, “an affidavit setting forth those facts and proof of facts within the scope of his personal knowledge as well as those beyond his personal knowledge!,]” not just “mere conclusions.” Sutton v. State, 873 So.2d 120, 123 (¶ 17) (Miss.Ct.App.2004). Even if Graham’s counsel failed to advise him of his right to appeal his sentence, Graham has not alleged that he would have appealed his sentence. Any such claim would have been viewed with skepticism, as it was not in Graham’s interest to appeal the sentence until four months later when the MDOC re-classified him off of house-arrest status. By that time, his time for a direct appeal of his sentence had expired. See Maston v. State, 750 So.2d 1234, 1237 (Miss.1999) (Appeals to the Mississippi Supreme Court must be made “by filing a notice of appeal with the trial court ‘within 30 days after the date of entry of the judgment or order appealed from.’ ”) (citing M.R.C.P. 4(a)). Thus, we find that Graham has not properly supported his claim of ineffective assistance of counsel. This issue is without merit.

V. Whether Graham’s guilty plea was voluntarily and intelligently entered.

¶ 30. Graham alleges that his guilty plea was entered unknowingly and involuntarily. “A plea of guilty is binding only if it is entered voluntarily and intelligently^]” which requires that “the defendant [be] informed of the charges against him and the consequences of his plea.” Jones v. State, 922 So.2d 31, 34 (¶ 10) (Miss.Ct.App.2006) (citations omitted). “A defendant [also] must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self incrimination.” Epps v. State, 926 So.2d 242, 245 (¶ 11) (Miss.Ct.App.2005) (citation omitted).
¶ 31. Based on our review of the record, it is apparent that the circuit judge carefully questioned Graham about his ability to understand the charges against him, the repercussions of his guilty plea, and his willingness to enter into the plea arrangement. The circuit court found Graham’s *872 decision was freely, voluntarily, and intelligently made and accepted his guilty plea. We detect nothing in the record to cause us to conclude that the circuit court erred in its conclusion. Therefore, we find that this issue is without merit.
¶ 32. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JONES COUNTY.
LEE AND MYERS, P.JJ., GRIFFIS AND ISHEE, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. KING, C.J., AND CARLTON, J., NOT PARTICIPATING.

. Section 99-35-101 of the Mississippi Code Annotated has been amended, effective July 1, 2008, to provide that "where [a] defendant enters a plea of guilty and is sentenced, then *865 no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2010) (emphasis added).

. The sentencing order on Graham’s guilty plea stated that it was a violation of Mississippi Code Annotated section 41-29-139, not 41-29-142 as stated in the indictment. Section 41-29-142 is a statute that calls for enhanced penalties for crimes committed under 41-29-139, which are within a certain distance of a specified venues (i.e., schools, churches, and parks).

. Neither party argues in their briefs that the circuit court lacked authority to consider revocation of a suspended sentence or refusal to suspend part of a sentence based solely on misconduct that occurred while an offender was within the exclusive jurisdiction of the MDOC. See Babbitt, 755 So.2d at 409 (¶ 14) (holding that an offender in the house-arrest program is an inmate within the exclusive custody and control of the MDOC and that a circuit court may not revoke probation or post-release supervision based solely on a violation of the conditions of house arrest). Furthermore, Mississippi Code Annotated section 47-5-1003(4) (Supp.2010) states: “The courts may not require an offender to complete the intensive supervision program as a condition of probation or post-release supervision.” *869 However, the statute does not specifically prohibit successful completion of the ISP from being a condition of suspension of a sentence only. Probation, post-release supervision, and suspension of a sentence are all related but distinctively different sentencing concepts. Johnson v. State, 925 So.2d 86, 91 (¶ 9) (Miss.2006). A serious issue may indeed exist if a circuit judge, without retention of jurisdiction, revokes a felony offender’s suspended sentence based on misconduct committed before the offender began his probation, post-release supervision, or suspended portion of his sentence. See Smith v. State, 742 So.2d 1146, 1148 (¶ 11) (Miss.1999) (holding that probation and suspension of sentence may not be revoked based solely on a defendant's commission of a crime before he was even placed on probation). As stated previously, while an inmate is placed on house arrest, he or she is in the exclusive custody and control of the MDOC. Miss.Code Ann. § 47-5-1003(3). By way of example, may a felony offender receive a split sentence (i.e., part of his sentence to serve and the remainder suspended) and later have his suspended sentence revoked based solely on his conduct while serving the initial portion of his sentence in custody? Accordingly, this opinion should not be taken as a comment as to whether completion of house arrest may be a condition to suspension of a sentence. We leave that issue for another day.

. The house-arrest statute had, at one time, automatically repealed on June 30, 2004. Miss.Code Ann. § 47-5-1015 (Rev. 2004). The Mississippi Legislature attempted to cure this oversight by "backdating” the repealer and making it retroactive. 2005 Miss. Laws, ch. 485, § 11.

. Interestingly, pursuant to the MDOC website, Graham apparently has now been released from physical custody by the MDOC. It is unclear whether Graham is now on parole, earned release, or has been re-classified by the MDOC to house-arrest status. http://www. mdoc.state.ms.us/InmateTest.aspPip_ lastname=Graham & ip_firstname= (last visited December 8, 2010).