ON WRIT OF CERTIORARI.

PIERCE, Justice,
for the Court:
¶ 1. On March 28, 2006, Ladennis Graham pleaded guilty to simple possession of 11.59 grams of cocaine. The Jones County Circuit Court sentenced Graham, under Mississippi Code Section 41-29-139, to serve sixteen years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to be suspended upon the successful completion of twelve months of house arrest, four years of supervised post-release supervision, and completion of the Circuit Court Community Service Program. While Graham was on house arrest, MDOC determined that Graham had violated the conditions of his suspended sentence when he was arrested at his brother’s house during the execution of a search warrant, turning up numerous guns and narcotics. Therefore, Graham was required to serve the remainder of his sixteen-year sentence as an inmate. As a result, Graham filed a motion for post-conviction collateral relief (“PCR”) in circuit court, which was dismissed for lack of subject-matter jurisdiction, based on Graham’s assertions regarding his removal from the house arrest program. On appeal, the Court of Appeals found that Graham’s sentence was illegally vague and indeterminate, remanding the case for revocation of Graham’s sentence if the circuit court or State chooses to initiate such a proceeding. Now this Court must review whether the Court of Appeals made the correct determination.
FACTS
¶ 2. We gather the following facts necessary for this analysis from the Court of Appeals’ opinion:
On December 13, 2005, Ladennis Graham was indicted for possession of 11.59 grams of cocaine with the intent to distribute pursuant to Mississippi Code Annotated section 41-29-142 (Rev.2009). On March 28, 2006, Graham pled guilty to simple possession of 11.59 grams of cocaine. The circuit court sentenced Graham pursuant to Mississippi Code Annotated section 41-29-139 (Rev.2005), to serve sixteen years in the custody of the Mississippi Department of Corrections (MDOC), with fifteen years to be suspended upon the successful completion of twelve months of house arrest, four years of supervised post-release supervision, and the successful completion of the Circuit Court Community Service Program. The MDOC’s classification committee found that Graham had violated the terms of house arrest on July 25, 2006. The MDOC reclassified Graham and placed him on inmate status. The MDOC required that Graham serve the balance of his entire sixteen-year sentence.
Graham timely filed a motion for post-conviction relief with the circuit court on July 27, 2007. The circuit court summarily denied relief on the basis that it did not have jurisdiction ■ to hear Graham’s claims. It is from this denial of post-conviction relief that Graham now appeals, alleging the following assignments of error: (1) the circuit court and defense counsel failed to advise him of his right to appeal his sentence; (2) the indictment under which Graham was charged failed to set forth the correct statute and judicial district; (3) the sentence imposed constituted an illegal and indefinite sentence; (4) he was denied *849 effective assistance of counsel; and (5) his guilty plea was not voluntarily and intelligently entered.[1]
From these facts, the Court of Appeals initially found that the circuit court had jurisdiction to hear Graham’s motion for post-conviction collateral relief, and then, it ruled upon the merits of that motion, even though the circuit court had not done so.[2] In a modified opinion on rehearing,[3] the Court of Appeals found similarly but differed on one issue — Graham’s sentence.[4] Accordingly, the Court of Appeals reversed the judgment of the circuit court and remanded the case for further proceedings if the circuit court or the State chose to have Graham’s suspended sentence revoked.[5]
ANALYSIS
¶ 3. The circuit court incorrectly concluded that Graham’s motion was not seeking post-conviction collateral relief.[6] The circuit court dismissed Graham’s petition under Babbitt v. State,[7] finding that Graham had failed to exhaust the administrative remedies provided to him through the offender grievance procedures upon removal from house arrest. A review of Graham’s motion reveals that he clearly was seeking post-conviction collateral relief under the Mississippi Uniform Post-Conviction Collateral Relief Act.[8] Therefore, the Court of Appeals was correct in reversing the circuit court’s ruling that it did not have proper jurisdiction to hear Graham’s motion for post-conviction collateral relief. Yet, after making that determination, the Court of Appeals lacked jurisdiction to rule on the merits of Graham’s motion.
¶4. Mississippi Code Section 99-39-7 specifies in which court a motion seeking post-conviction collateral relief must be filed:
The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the petitioner’s conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the Supreme Court for leave to file a motion under the article shall be as provided in Section 99-39-27.[9]
And Mississippi Code Section 99-35-101, as written when Graham pleaded guilty, directed that “[a]ny person convicted of an offense in a circuit court may appeal to the supreme court, provided, however, an appeal from the circuit court to the supreme court shall not be allowed in any case *850 where the defendant enters a plea of guilty.”[10] Noting the interplay of these two statutes, this Court, in Martin v. State, found that there can be no collateral attack of a conviction and sentence to this Court when a guilty plea has been entered by a criminal defendant.[11] In that case, Martin did not collaterally attack his conviction and sentence to this Court, because his underlying conviction and sentence resulted from a guilty plea.[12] And as this Court explained in Martin: Therefore, when a defendant collaterally attacks a guilty plea, the trial court that sentenced the defendant possesses “exclusive, original jurisdiction to hear and determine a petition for post-conviction relief.” [14]
Martin has not caused a “conviction and sentence” to be appealed to this Court. His original, underlying conviction and sentence resulted from a guilty plea, and therefore, there could be no appeal to this Court. See Miss.Code Ann. § 99-35-105 [sic ] (1972). In cases where the prisoner has entered a plea of guilty, the trial court has exclusive, original jurisdiction to hear and determine a petition for post-conviction relief. McDonall v. State, 465 So.2d 1077 (Miss.1985). The only authority [an appellate court has] in these situations is to act in an appellate capacity if either the prisoner or the State causes the trial court’s ruling to be appealed under § 99-89-25. As previously stated, [... ] appellate jurisdiction under the Post-Conviction Relief Act has not been properly invoked.[13]
¶ 5. Here, Graham pleaded guilty to simple possession of 11.59 grams of cocaine, and, like Martin, has never directly appealed on the merits of his conviction and sentence. Because Graham pleaded guilty, he could collaterally attack his conviction only through a motion for post-conviction collateral relief filed in the circuit court.[15] Accordingly, the circuit court has exclusive, original jurisdiction to consider the merits of Graham’s motion seeking post-conviction collateral relief.[16] However, that court has never done so.
¶ 6. Just as this Court “routinely” dismisses post-conviction-relief petitions because they were filed in the wrong court, “such action does not strip the trial court of jurisdiction.”[17] Therefore, the exclusive, original jurisdiction to determine the merits of Graham’s post-conviction-relief petition remained with the circuit court. Consequently, the Court of Appeals should not have addressed the merits of Graham’s motion. Instead, the Court of Appeals, after having found that the circuit court improperly had denied jurisdiction, should have remanded this matter to the circuit *851 court for further consideration on the merits of Graham’s motion.
CONCLUSION
¶ 7. The Court of Appeals was correct in reversing the circuit court’s ruling that it did not have proper jurisdiction to hear Graham’s motion for post-conviction collateral relief. However, it was improper for the Court of Appeals to rule on the merits of Graham’s motion without the circuit court doing so first, as the circuit-court had exclusive, original jurisdiction. The judgment of the Court of Appeals is vacated. The circuit court judgment is reversed, and this case is remanded to the circuit court for further proceedings consistent with this opinion.
¶ 8. THE JUDGMENT OF THE COURT OF APPEALS IS VACATED. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY IS REVERSED AND THE CASE IS REMANDED.
WALLER, C. J., CARLSON AND DICKINSON, P.JJ., RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR. KING, J., NOT PARTICIPATING.

. Graham v. State, 85 So.3d 860, 863 (Miss. Ct.App.2011).

. Id. at 863-72.

. The rehearing was on the court’s own motion. It withdrew the previous opinion.

. Graham, 85 So.3d at 866-70.

. Id. at 869-70.

. Id. at 864-65.

. Babbitt v. State, 755 So.2d 406 (Miss.2000).

. See Graham, 85 So.3d at 864-65; see also Miss.Code Ann. §§ 99-39-1 to 99-39-119 (Supp.2011).

. Miss.Code Ann. § 99-39-7 (Supp.2011) (emphasis added).

. See Miss.Code Ann. § 99-35-101 (Rev. 2007). Currently, Mississippi Code Section 99-35-101 reads: "[a]ny person convicted of an offense in circuit court may appeal to the Supreme Court. However, where the defendant enters a plea of guilty and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.” Miss.Code Ann. § 99-35-101 (Supp.2011).

. Martin v. State, 556 So.2d 357, 358-59 (Miss. 1990).

. Id.

. Martin, 556 So.2d at 358-59; see also Jackson v. State, 67 So.3d 725, 730-31 (Miss. 2011).

. Martin v. State, 556 So.2d 357, 359 (Miss. 1990) (citing McDonall v. State, 465 So.2d 1077 (Miss.1985)); see generally Jackson, 67 So.3d at 730.

. See Jackson, 67 So.3d at 730; see also Collins v. State, 975 So.2d 219, 229 n. 10 (Miss.2008); Martin, 556 So.2d at 358.

. See Miss.Code Ann. § 99-39-7 (Supp. 2011).

. Jackson, 67 So.3d at 731.