# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2021-CP-01180-COA

**RENO FENELLI SIGGERS A/K/A RENO F. SIGGERS A/K/A RENO SIGGERS**                    APPELLANT

v.

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT:                   07/28/2021
TRIAL JUDGE:                            HON. ALBERT B. SMITH III
COURT FROM WHICH APPEALED:   TUNICA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         RENO FENELLI SIGGERS (PRO SE)
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                        BY: ASHLEY LAUREN SULSER
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                          REVERSED AND REMANDED - 12/13/2022
MOTION FOR REHEARING FILED:

**BEFORE CARLTON, P.J., GREENLEE AND McCARTY, JJ.**

**CARLTON, P.J., FOR THE COURT:**

¶1. Reno Siggers filed a motion for post-conviction collateral relief (PCR) challenging the 2021 revocation of his parole.[1] The Tunica County Circuit Court dismissed Siggers's PCR motion for lack of jurisdiction after finding that Siggers failed to obtain permission from the Mississippi Supreme Court prior to filing his motion. *See* Miss. Code Ann. § 99-39-7 (Rev. 2020).

¶2. Upon review, we find that Siggers did not need to obtain permission from the supreme

---

[1] This Court recently addressed Siggers's appeal from the Tunica County Circuit Court's order dismissing his PCR motion challenging the 2018 revocation of his parole. *Siggers v. State*, 342 So. 3d 1213 (Miss. Ct. App. 2022).

court to file his PCR motion.  Accordingly, we reverse and remand.

## FACTS

¶3.     In 1995, Siggers was convicted of murder and sentenced to life imprisonment in the custody of the Mississippi Department of Corrections (MDOC).  In 2011, the Mississippi Parole Board granted Siggers a conditional parole.  Then, in 2019, Siggers was charged with aggravated domestic assault and eventually indicted on the charge.  Siggers's parole was revoked as a result of that charge.  In March 2020, Siggers was again paroled.

¶4.     In February 2021, Siggers's wife swore before the Justice Court Clerk in Tunica County that Siggers strangled her until she could not breathe.  Approximately a week later, his wife swore that Siggers bit her right arm, causing injury.  Based on these two affidavits, the justice court judge issued two arrest warrants: one for aggravated domestic violence and another for simple domestic violence.

¶5.     On March 10, 2021, Siggers was arrested and charged with aggravated domestic violence and simple domestic violence.  The Parole Board then issued a retake warrant indicating that Siggers violated two conditions of his parole agreement:  he tested positive for marijuana, and he was charged with aggravated domestic violence and simple domestic violence.  After a parole-revocation hearing, Siggers's parole was revoked.[2]

---

[2] The order from Siggers's June 8, 2021 parole revocation hearing reflects that Siggers's parole was revoked but that the revocation was "set off" for six months.  The record contains a letter from Siggers's counsel dated June 9, 2021, informing Siggers that "the Mississippi State Parole Board reinstated your parole."  The letter also stated that Siggers "still ha[s] two (2) charges of domestic violence/aggravated assault pending."

2

¶6. On May 12, 2021, Siggers filed a PCR motion alleging that his parole was wrongfully revoked. Siggers claimed that he was arrested on March 10, 2021, for a violation of his parole agreement. Siggers admitted that a preliminary parole revocation hearing was held telephonically on March 25, 2021. However, Siggers argued that the Parole Board failed to hold the final revocation hearing within the statutory guidelines. Siggers claimed that as a result of this delay, he should have been released from custody. Additionally, Siggers challenged the affidavits and arrest warrants surrounding his domestic violence charges. He also asserted vague claims of ineffective assistance of counsel, alleging that his attorney "misrepresented his demands, requests, and pleadings every step of the way."

¶7. On July 28, 2021, the circuit court entered an order denying Siggers's PCR motion based on lack of jurisdiction. The circuit court explained:

> This Court twice denied Siggers's PCCR on June 14, 1996 and March 26, 1996. . . . The instant petition is Siggers's fourth PCCR. Therefore, he must obtain permission from the Mississippi Supreme Court prior to filing his [PCR motion]. Siggers has not received such permission, so this Court lacks jurisdiction to adjudicate his petition.

¶8. Siggers now appeals.

## STANDARD OF REVIEW

¶9. We review a circuit court's "dismissal or denial of a PCR motion for abuse of discretion" and "will only reverse if the [circuit] court's decision is clearly erroneous." *Hunt*

---

However, the record also contains a letter from the chairman of the Parole Board clarifying that Siggers's parole was not reinstated but rather "set off" because "[the] county has a detainer on him" due to the domestic violence charges.

*v. State*, 312 So. 3d 1233, 1234 (¶6) (Miss. Ct. App. 2021) (quoting *Carr v. State*, 291 So. 3d 1132, 1137 (¶16) (Miss. Ct. App. 2020)). We review questions of law de novo. *Id.*

**DISCUSSION**

¶10. The record reflects that Siggers was indicted on August 8, 2021, for aggravated domestic violence and simple domestic violence. The appellate record does not reflect that Siggers has been convicted of the crimes that led to his revocation, much less that he has appealed any conviction or sentence. Accordingly, Siggers was not required to proceed under section 99-39-7[3] and seek leave from the supreme court prior to filing the present PCR motion. The circuit court therefore erred in dismissing Siggers's PCR motion for lack of jurisdiction pursuant to section 99-39-7.

¶11. We recognize that "[t]he circuit court has exclusive original jurisdiction to consider the merits of [Siggers's] PCR motion." *Montalto v. State*, 272 So. 3d 132, 135 (¶14) (Miss. Ct. App. 2019); *see also Graham v. State*, 85 So. 3d 847, 850-51 (¶¶5-6) (Miss. 2012). We

---

[3] Section 99-39-7 states, in pertinent part, that a PCR motion

shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in termtime or in vacation, and an order granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7.

4

therefore reverse and remand to the circuit court for further proceedings consistent with this opinion.

¶12. **REVERSED AND REMANDED.**

**BARNES, C.J., WILSON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**