# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00256-COA

**HENRY HYLAND, JR. A/K/A HENRY LEE**                          **APPELLANT**
**HYLAND, JR.**

**v.**

**STATE OF MISSISSIPPI**                                            **APPELLEE**

DATE OF JUDGMENT:              02/21/2023
TRIAL JUDGE:                   HON. M. JAMES CHANEY JR.
COURT FROM WHICH APPEALED:     WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        CYNTHIA ANN STEWART
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                               BY: ALEXANDRA LEBRON
NATURE OF THE CASE:            CIVIL - POST-CONVICTION RELIEF
DISPOSITION:                   AFFIRMED - 09/03/2024
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Following a jury trial, Henry Hyland Jr. was convicted of drive-by shooting and possession of a firearm by a felon. Fifteen years later, Hyland filed his second motion for post-conviction relief (PCR), challenging his convictions and seeking an out-of-time appeal. The trial court dismissed the motion as time-barred and successive, and we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2008, Hyland was convicted in the Warren County Circuit Court of drive-by shooting and possession of a firearm by a felon. Hyland was sentenced to serve consecutive terms of thirty years and five years, respectively, in the custody of the Department of Corrections as a nonviolent habitual offender. Hyland did not appeal his convictions.

¶3. In 2012, Hyland filed his first PCR motion, seeking an out-of-time appeal. The trial court denied the motion because it was barred by the three-year statute of limitations of the Uniform Post-Conviction Collateral Relief Act (UPCCRA). Miss. Code Ann. § 99-39-5(2) (Rev. 2020). Hyland filed a notice of appeal, but his appeal was dismissed for failure to pay costs. *Hyland v. State*, No. 2012-TS-01769-COA (Miss. Ct. App. Jan. 10, 2013) (clerk's notice of dismissal). Hyland filed a motion for rehearing, which this Court dismissed as untimely. *Hyland v. State*, No. 2012-TS-01769-COA (Miss. Ct. App. Mar. 13, 2013) (order).

¶4. In 2014, Hyland filed a pro se application in the Mississippi Supreme Court for leave to proceed in the trial court. A panel of the Supreme Court dismissed the motion "without prejudice, for the matter to be filed in, and ruled upon by, the Circuit Court of Warren County." *Hyland v. State*, No. 2014-M-01631 (Miss. Dec. 3, 2014). However, Hyland did not file the motion in the trial court.

¶5. In 2022, Hyland, represented by counsel, filed a second application in the Mississippi Supreme Court for leave to proceed in the trial court. A panel of the Supreme Court again dismissed Hyland's motion, citing its 2014 order. *Hyland v. State*, No. 2022-M-01302 (Miss. Jan. 10, 2023). The panel noted that because Hyland had not appealed his convictions and sentences, any PCR motion had to "be filed as an original [civil] action in the trial court." *Id.* (quoting Miss. Code Ann. § 99-39-7 (Rev. 2020)).[1] The panel further stated, "[S]uch was

---

[1] Contrary to the assertions of both Hyland's present attorney and the State, Hyland did not directly appeal his convictions. Hyland's present attorney has misunderstood his 2012 appeal as a direct appeal from his convictions when, in fact, it was an appeal *from the denial of his first PCR motion*. The State has accepted this misunderstanding of the case's procedural history.

the directive of a prior panel of this Court regarding Hyland's previous petition for post-conviction collateral relief." *Id.*

¶6. Hyland then filed his second PCR motion in the trial court, alleging that he received ineffective assistance of counsel at trial and that he is entitled to an out-of-time appeal. The trial court dismissed Hyland's motion as time-barred and successive. *See* Miss. Code Ann. § 99-39-23(6) (Rev. 2020) (An order dismissing or denying a PCR motion "shall be a bar to a second or successive motion."). Hyland filed a notice of appeal.

¶7. On appeal, Hyland argues that his claim is not subject to the UPCCRA's statute of limitations or successive-motions bar because he has alleged a violation of his "fundamental rights." The State argues that the trial court lacked jurisdiction over Hyland's PCR motion because Hyland failed to obtain permission to proceed from the Mississippi Supreme Court. In the alternative, the State argues that the trial court's order should be affirmed because Hyland's motion was time-barred and successive.

## ANALYSIS

¶8. When we review the dismissal or denial of a PCR motion, we review issues of law de novo but will not disturb the trial court's findings of fact unless they are clearly erroneous. *Boyd v. State*, 65 So. 3d 358, 360 (¶10) (Miss. Ct. App. 2011).

¶9. The UPCCRA vests the trial court with "exclusive, original jurisdiction to consider" a PCR motion that collaterally attacks a conviction that was never directly appealed to the Supreme Court. *Graham v. State*, 85 So. 3d 847, 850 (¶5) (Miss. 2012). Specifically, the UPCCRA states:

3

> [A PCR motion] shall be filed as an original civil action in the trial court, except in cases in which the petitioner's conviction and sentence have been appealed to the Supreme Court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, [a PCR motion] shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi . . . and an order granted allowing the filing of such motion in the trial court.

Miss. Code Ann. § 99-39-7. Based on a misunderstanding that Hyland directly appealed his convictions and sentences to the Supreme Court (*see supra* n.1), the State argues that the trial court lacked jurisdiction over Hyland's PCR motion because he failed to seek permission from the Supreme Court before proceeding in the trial court. However, Hyland never directly appealed his convictions or sentences to the Supreme Court. Therefore, he was not required to seek leave from the Supreme Court before filing his PCR motion in the trial court, and the trial court had jurisdiction to rule on the motion. *See Graham*, 85 So. 3d at 850 (¶5).

¶10. The trial court correctly determined that Hyland's PCR motion was both time-barred and an impermissible successive motion. The UPCCRA provides that a PCR motion must be filed "within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired." Miss. Code Ann. § 99-39-5(2). In addition, the UPCCRA provides that an order dismissing or denying a PCR motion "shall be a bar to a second or successive motion." Miss. Code Ann. § 99-39-23(6). Hyland's present motion was filed almost fifteen years after the time for taking an appeal from his conviction and sentence had expired, and it is his second PCR motion. Therefore, Hyland's motion is doubly barred under the UPCCRA.

¶11. Hyland argues that his PCR motion is not subject to the UPCCRA's statute of limitations or successive-motions bar because he has alleged a violation of his "fundamental rights." However, the Mississippi Supreme Court has held that there is no longer a "fundamental rights" exception to either statutory bar. *Howell v. State*, 358 So. 3d 613, 615 (¶8) (Miss. 2023) ("[T]oday we overrule . . . any . . . case in which the Mississippi Supreme Court has held that the courts of Mississippi can apply the judicially crafted fundamental-rights exception to constitutional, substantive enactments of the Legislature such as the three-year statute of limitations applicable to petitions for post-conviction relief."); *Ronk v. State*, No. 2021-DR-00269-SCT, 2024 WL 131639, at *2 (¶16) (Miss. Jan. 11, 2024) (holding that "the fundamental-rights exception is inapplicable" to the UPCCRA's successive-motions bar); *Roberson v. State*, 383 So. 3d 1228, 1234 (¶15) (Miss. Ct. App. 2023) (concluding that *Howell*'s holding also applies to the UPCCRA's successive-motions bar), *cert. denied*, 383 So. 3d 613 (Miss. 2024). Thus, the "fundamental-rights exception" is inapplicable. Moreover, Hyland has not demonstrated that any statutory exception applies. *See Simoneaux v. State*, 359 So. 3d 665, 667 (¶7) (Miss. Ct. App. 2023) ("[T]he PCR movant . . . bears the burden to prove a statutory exception to the UPCCRA's [statute of limitations and successive-motions bar]."), *cert. dismissed*, 368 So. 3d 815 (Miss. 2023). Accordingly, the trial court correctly dismissed Hyland's PCR motion as time-barred and successive.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR.**

5